(December 31, 1904.)

## SHIELDS v. JOHNSON.

[79 Pac. 394.]

INJUNCTIONS PENDENTE LITE—TO RESTRAIN TRESPASS—LARGELY DISCRETIONARY.

1. A large discretion is vested in the trial court in the granting of temporary injunctions to hold property *in statu quo* pending the determination of the action, and its exercise will not be reversed on appeal unless a clear abuse is shown.

2. Courts of equity should hesitate before granting injunctions to restrain trespass committed under color of title or right.

3. The statute (Rev. Stats., sec. 4288) authorizing the issuance of injunctions is liberally construed by the courts.

(Syllabus by the court.)

APPEAL from District Court in and for Latah County. Honorable Edgar C. Steele, Judge.

From an order granting an injunction *pendente lite* and an order refusing to dissolve such injunction, defendants appeal. Affirmed.

George W. Pickett and Stewart S. Denning, for Appellants.

Where defendant is in possession of ground in dispute, an injunction will not be granted, but the parties will be left to their remedy at law. (*Washington etc. Co. v. Coeur d'Alene Ry.*, 2 Idaho, 580, 21 Pac. 562.) Where a party seeks relief by interlocutory injunction, he should show some clear, legal or equitable right, and an apprehension of immediate injury to those rights. Where none such are shown, the injunction will be denied. (*McGinnis et al. v. Friedman*, 2 Idaho, 393, 17 Pac. 635; *Waldron v. Marsh et al.*, 5 Cal. 119.) There must be an urgent necessity, and, as a general rule, the title and right of the plaintiffs should be shown to be clear, well established and not in dispute. The application should also be made promptly and not delayed until large expenditures have been made by the defendants. (*Real Deal Min. Co. v. Pond Min. Co.*, 23 Cal. 85; Pomeroy's Equity Jurisprudence, secs. 418, 419, 817, 1359; 10

Am. & Eng. Ency. of Law, p. 802, under "Injunctions," and subd. 12, "Laches," and notes.) The absence of a plain and adequate remedy at law affords the only test of equity jurisprudence, and the application of this principle to a particular case must depend altogether upon the character of the case as disclosed in the proceedings. (10 Am. & Eng. Ency. of Law, p. 878, "Injunctions," subject "Trespass," subd. "Test of Jurisdiction," and notes; *Aveline v. Ridenbaugh,* 2 Idaho, 168, 9 Pac. 601; *Dewitt v. Hays,* 2 Cal. 463, 56 Am. Dec. 352; *Tomlinson v. Rubio,* 16 Cal. 203; *Tevis v. Ellis,* 25 Cal. 515; *Leach v. Day,* 27 Cal. 644; *Richards v. Kirkpatrick,* 53 Cal. 433.)

Forney & Moore, for Respondent.

Injunction will issue to restrain temporarily an act which will result in great damage to the plaintiff, although the injury is not irreparable, and notwithstanding that other remedies lie on behalf of the plaintiff. (*Staples et al. v. Rossi,* 7 Idaho, 618, 65 Pac. 67; *Wilson v. Eagleson,* 9 Idaho, 17, 71 Pac. 613; *Gilpin v. Sierra Nev. Con. Min. Co.,* 2 Idaho, 696, 23 Pac. 547, 1014.) An interlocutory injunction is not a matter of strict right. Its issuance rests in the sound discretion of the court, and the exercise of this discretion in granting and refusing the injunction will not, as a general rule, be reviewed on appeal, or otherwise controlled or interfered with. (*Washington etc. Ry. Co. v. Coeur d'Alene Ry. & Nav. Co. et al.,* 2 Idaho, 439, 17 Pac. 142, 4 L. R. A. 409, and cases cited in the opinion of the court on page 441 [2 Idaho]; 16 Am. & Eng. of Law, 2d ed., p. 358, and authorities cited.)

AILSHIE, J.—This is an appeal from an order made by the district judge on the eighth day of August, 1904, refusing to dissolve a temporary restraining order theretofore issued, and making and entering his further order continuing in force such restraining order during the pendency of the action. The action was commenced on the eighteenth day of July, 1904, by the plaintiff, M. J. Shields, against the defendants, praying for an injunction against the defendants restraining them from cutting, removing or interfering with the plaintiff's crops growing upon a certain one hundred and sixty acre tract of land which

plaintiff had leased from the defendant Johnson, and for an order restraining the defendants from interfering with the plaintiff's leasehold estate in and to the tract of land and for damages for trespasses committed. Upon the filing of the complaint a temporary restraining order was issued and an order to show cause why the same should not be continued in force pending the litigation was at the same time issued and served. Thereafter the defendants moved to dissolve the injunction and quash the writ that had been issued, which motion was heard at the same time and with plaintiff's motion to continue the order in force pending the action. After the hearing the trial judge made and entered his order continuing the injunction in force upon the execution and delivery of a good and sufficient bond by the plaintiff in the sum of $300.

On the tenth day of October, 1900, the defendant, Frank M. Johnson, and his wife, Emma A. Johnson, by an instrument in writing, leased and let unto the plaintiff their one hundred and sixty acre tract of land situated in Latah county, for the period of four years, for an annual rental of $250, payable on or before the first day of November each year. This lease also contained an option whereby the lessee might continue in possession of the premises for an additional period of two years upon paying a rental of $300 per annum, and it contained a further option whereby the lessee might purchase the farm, upon compliance with certain conditions, for the sum of $4,500. Plaintiff alleged that after entering into the possession of this tract of land he caused the same to be farmed and cultivated and part of it sown in alfalfa and the remainder in Bromus Innermis, and that while these grasses were growing upon the land the defendants entered and plowed up some eighty acres and sowed oats thereon, and that at the time of the commencement of this action the defendants were cutting and removing the grasses and oats to the damage of the plaintiff in the sum of $2,000. The plaintiff also filed an affidavit showing that the defendants were wholly insolvent and unable to respond to any judgment for damages, and that the defendant Johnson and his wife had filed a statutory homestead upon such tract of land. The defendants claim by their answer, and affidavits filed in support thereof, that they

entered the premises after a breach of the terms of the lease by the plaintiff and in pursuance of the stipulation contained in the lease. They also filed affidavits tending to show that they were not wholly insolvent, but were able to respond in damages in at least the sum of $500. After an examination of the record, it is sufficient to say that we feel about this case very much as was expressed by Chief Justice Beatty in *Gilpin v. Sierra Nevada Con. Min. Co.,* 2 Idaho, 709, 23 Pac. 547, wherein he said: "Admitting the defendant is right, the inconvenience to it from an injunction will be less than will be the damage to the plaintiff should he prove to be right." Considerable discretion is allowed in the granting of temporary injunctions to hold property *in statu quo* pending the litigation where a good and sufficient bond is required of the plaintiff for the protection of the defendant in case it should develop upon the trial that the plaintiff is in the wrong. (1 Spelling on Extraordinary Relief, sec. 22.) While courts are not very free to grant injunctions to restrain trespass where it is committed under color of title or right (1 Spelling on Extraordinary Relief, secs. 336-364), still in this case there was pretty strong evidence submitted by the plaintiff tending to show the inability of the defendants to respond to any judgment for damages in case the plaintiff should secure such a judgment against them. It should also be observed that our statute authorizing these injunctions is broader and more liberal than most statutes, and has received a quite latitudinous construction from this court. (*Gilpin v. Sierra Nevada Con. Min. Co., supra; Staples v. Rossi,* 7 Idaho, 618, 65 Pac. 67; *Wilson v. Eagleson,* 9 Idaho, 17, 71 Pac. 613; *Myer v. First Nat. Bank, ante,* p. 175, 77 Pac. 334; *Price v. Grice, ante,* p. 443, 79 Pac. 389.) We do not think the trial judge abused his discretion in granting the injunction and refusing to dissolve the same.

For the foregoing reasons the order appealed from will be affirmed. Costs awarded to respondent.

Sullivan, C. J., and Stockslager, J., concur.

### ON REHEARING.

#### (January 30, 1905.)

STOCKSLAGER, C. J.—Counsel for appellants file a petition for rehearing in this case, and very earnestly insist that they are entitled to be again heard. "1. That the plaintiff had a plain, speedy and adequate remedy at law; and 2. That the plaintiff was guilty of such laches under the statement of facts in this case that would preclude him from obtaining a preliminary injunction." Owing to the earnestness, and we believe candor, of appellants' application for a rehearing, we have again gone over the entire record and briefs filed and submitted on the hearing of the case on its merits.

Taking up the first proposition that the plaintiff had a plain, speedy and adequate remedy at law, this question is answered by the opinion, wherein it is said "that the plaintiff has commenced his action for $2,000 damages against the defendant and filed an affidavit showing that defendants were wholly insolvent and unable to respond to any judgment for damages, and that defendants Johnson and his wife had filed a statutory homestead upon such tract of land." It is also stated in the opinion that defendants filed affidavits tending to show that they were not wholly insolvent, but were able to respond in at least $500 damages. I apprehend this showing was what prompted the learned trial judge to order the writ. It was shown that defendants went upon the land leased by the Johnsons to plaintiff and plowed up about fifty acres of said land sown with Bromus Innermis, and sowed thereon a crop of oats and also plowed up the forty acres of land sown to alfalfa. After this and about July 11, 1904, without plaintiff's knowledge or consent, defendants entered upon said premises and cut down about forty acres of the said grass sown and known as Bromus Innermis. With an action pending for $2,000 damages against the defendants and an allegation of their insolvency, with a counter-showing that defendants were able to respond in $500 damages, showing that ninety acres of land sown in grass had been plowed up and the grass cut from forty acres more, evidently impressed the court with the idea that the defendants were unable to re-

spond in damages already inflicted if the plaintiff was able to sustain the allegation of his complaint which was verified.

As to the next reason urged, "that the plaintiff was guilty of such laches under the statement of facts in the case that would preclude him from obtaining a preliminary injunction," we cannot give our assent to this proposition. The plaintiff had been placed in possession of the Johnson farm under a lease for a term of years that had not expired. The Johnsons had attempted to forfeit the lease by another action in the district court, in the judgment of which it was adjudged that plaintiff in this action was indebted to defendants Johnson in this action in a certain sum of money, the court holding that the amount of money due plaintiff in that action against plaintiff in this action was for rent, and not an action to declare a forfeiture of the lease. This being true, the Johnsons and their employees were trespassers when they entered the land for the purpose of plowing up the crops there grown upon the land, or for the purpose of cutting down the crops, but plaintiff was not confined to that remedy alone. We are still of the opinion that this was a proper case for an injunction under the facts in this case, and a rehearing is denied.

Ailshie, J., and Sullivan, J., concur.