# CHARLESTON.

G. B. SIMMONS *v.* MINNIE B. SIMMONS.

Submitted April 18, 1922.    Decided April 25, 1922.

1. PAYMENT—*Money Paid Under Judgment or Decree Subsequently Reversed May be Recovered.*

   One paying money under a judgment or decree which is subsequently reversed or set aside is entitled to have such money restored to him, whether such judgment or decree is reversed or set aside for error committed by the court in rendering it, or because such court acted beyond its jurisdiction.    (p. 35).

2. LIMITATION OF ACTIONS—*Statutes do not Run Against Demand of Party Seeking Restitution Until Annulment of Decree or Judgment Under Which the Money was Paid.*

   In such case the Statute of Limitations does not begin to run against the demand of the party seeking restitution until the judgment or decree under which the money has been paid has been set aside, reversed or annulled.    (p. 36).

3. PAYMENT—*Parties Paying Aliquot Parts Under Judgment or Decree Are Entitled to Recover Respective Amounts Furnished on Annulment.*

   Where a decree against several persons for a sum of money is satisfied by their paying aliquot parts thereof out of their separate funds, upon such judgment or decree being set aside, reversed or annulled, each of the parties contributing to the payment is entitled to recover the amount so furnished by him. (p. 37).

Error to Circuit Court, Roane County.

Suit by G. B. Simmons against Minnie B. Simmons. Findings for defendant, and judgment nil capiat thereon, and plaintiff brings error.

*Reversed and judgment for plaintiff.*

*S. P. Bell* and *Geo. F. Cunningham,* for plaintiff in error.
*Harper & Baker,* for defendant in error.

RITZ, JUDGE:

This suit was brought for the purpose of recovering back
money paid by the plaintiff to the defendant under a decree
of the circuit court of Roane county which was, subsequent
to such payment, held to be void.  The case was tried before
the court in lieu of a jury and resulted in a finding in favor
of the defendant, and a judgment of *nil capiat* thereon.

J. M. Simmons departed this life in the month of April,
1899.   Prior to that time he had executed and delivered
a deed by which he conveyed a large part of his estate to his
second wife who survived him, and to his children by this
wife.    He also left a will which was executed about the same
time as the deed, in which he made some provision for his
eight children by his first wife, but by which the bulk of his
estate was left to his widow and her children.   Shortly after
his death the first set of children who were then adults
brought two suits in the circuit court of Roane county, one
for the purpose of setting aside the deed made by Simmons,
above referred to, and the other for the purpose of having
the will declared not to be his true last will and testament.
These two suits were consolidated inasmuch as the relief
asked in both of them was based upon the same ground, and
a trial was had before a jury, which resulted in a disagree-
ment.   Before another trial was had the older set of children
reached an agreement with the guardian of the three in-
fant children, and with the committee of the widow, who had
become insane, for a settlement of the controversy.   In order
to carry this out a petition was filed by the guardian of the
infants and the commitee of the insane widow, asking the
court to submit the questions involved to arbitration. Upon
the filing of this petition the court did submit the contro-
versy to arbitration, and appointed three arbitrators to make
an award.    These arbitrators made an award at once, by
which they took from the three infant children the home
farm, consisting of 1000 acres, and gave it to the eight adult

children of the first wife.  They also provided that these eight children should pay to the committee of the insane widow the sum of $3000.00.  There were also some other provisions in the award not necessary to be considered.  The arbitrators returned this award to the court and the court entered a decree confirming it, and decreeing the interest of the parties in the estate in accordance with this award.  The eight adult children of the first wife took possession of the 1000-acre farm under the award, and paid the $3000.00 to the committee of the widow, as provided by the court's decree.  Subsequently the three infant children brought a suit to set aside the award made by the arbitrators, and the decree of the court entered thereon, alleging that the same was entirely void, and such proceedings were had that the circuit court of Roane county, on the 12th of December, 1917, set aside the former decree, as well as the award, and held that both the decree and award were null and void, and that the court in entering the decree acted beyond its jurisdiction.  Upon an appeal from that decree the decision of the lower court was affirmed by this Court, so far as the lower court's decree adjudicated the award and the former decree entered thereon to be void, and set the same aside for that reason.  *Simmons* v. *Simmons*, 85 W. Va. 25.  The result of this litigation, of course, was to get rid of the arbitration and the court's decree entered thereon, and leave the suits pending for the contest of the will and to set aside the deed.

The plaintiff here then instituted this suit for the purpose of recovering from the widow the part of the $3000.00 which he had paid, and the part paid by one of the other eight children, which had been assigned to him, upon the ground that upon the decree under which the money was paid, being set aside, he was entitled to have restitution of the money paid under it.  The defendant insists that the plaintiff is not entitled to recover: First, because if there is any liability upon the defendant to return the $3000.00, it is a joint liability to all of the eight children, and that no suit could be maintained against her by one of them for the part paid by him; Second, that while restitution may be had of money paid under a judgment or decree upon such judgment or decree being set

aside or reversed for error, it cannot be had where the judgment or decree under which the money is paid is held to be void; Third, that the plaintiff's claim is barred by the Statute of Limitations; and Fourth, that the former decree, based upon the award of the arbitrators, was not set aside so far as the widow was concerned, she not being a party to the proceedings brought for that purpose, wherefore she cannot be required to restore what she received thereunder.

It is very well established that a party who pays money under a judgment or decree which is subsequently set aside may have restitution. This restitution may, and perhaps most frequently is had in the suit or proceeding by which the decree is reversed, but where this is not done for any reason the party paying the money may maintain his action of assumpsit for money had and received. 2 R. C. L., title "Appeal and Error" § 245; 21 R. C. L., title "Payment" § 187; *Beard* v. *Beard,* 25 W. Va. 486; *Fleming* v. *Riddick,* 5 Gratt. 272, 50 Am. Dec. 119.; *Ex parte Walter Brothers,* 89 Ala. 237, 18 Am. St. Rep. 103; *Haebler* v. *Myers,* 132 N. Y. 363, 15 L. R. A. 588; *Cowdery* v. *London &c. Bank,* 139 Calif. 298, 73 Pac. 196,' 96 Am. St. Rep. 115 and note.

But the defendant insists that the plaintiff is not entitled to restitution in this case because the decree under which the money was paid was subsequently held to be absolutely void upon the ground that the court entering it had exceeded its jurisdiction, for which reason the decree can offer no basis or ground for the payment of the money by the plaintiff, the contention being that the rights of the parties are no different than if the payment had been made without any decree ever having been entered. It must be borne in mind that while it was finally held that the court did not have jurisdiction to render the decree under which this money was paid, it assumed to have that jurisdiction. In that proceeding it necessarily tried the question of its jurisdiction, and found that it possessed the power to enter the decree complained of, and while the court under such circumstances will not undertake to protect the title to property purchased under such a decree it will restore the parties to their former status upon the decree being set aside, so far as it is within its power to

do so. The basis of the doctrine of restitution is that when the decree under which the money has been paid has been set aside, the party who received the money has no basis for retaining it. He has received money of another to which he was not entitled. It has been argued that money paid under such circumstances is paid by mistake of law, and therefore the party paying it cannot recover it back, but the courts have held, as will appear from the authorities above cited, that when the decree is reversed for any reason there is no longer anything in existence calling for the payment. So long as the decree remains in force, or remains unreversed, even though it may be erroneous, or may be void, it may be said that the money was paid under a mistake as to the legal effect of the decree, and the party paying it is not entitled to have it restored to him, but when the decree requiring its payment is set aside by a court having jurisdiction to that end, there is no longer any decree, and instead of the money being paid under a mistake of law it was paid under a mistake of fact, for it was paid in the mistaken belief that there was a decree requiring its payment, when in fact there is no such decree. It is not material upon the question of the right of restitution whether the judgment or decree is reversed or set aside because the court entering it erred or was without jurisdiction. In the case of *Shull* v. *Guaranty Co.*, 81 W. Va. 184, restitution was compelled where the decree under which the money was paid was held to have been entered without jurisdiction, and the same is true of the case of *Beardsley* v. *Ashdown*, 73 W. Va. 132.

Does the defendant's plea of the Statute of Limitations constitute a defense to this suit? It appears that the money was paid in the year 1902, more than five years prior to the institution of this suit. This does not necessarily determine the question, however, for the Statute of Limitations does not begin to run until a right to sue for the money exists, and it is uniformly held that so long as the judgment or decree under which the money is paid remains unreversed, and apparently in force, there is no right to recover back the money. *Garber* v. *Armentrout*, 32 Gratt. 235, and authorities above cited. The decree under which the money was paid in this case was

not set aside or held to be void until the year 1917, and an appeal was pending to review that decree and remained undetermined in this court until the year 1919, and inasmuch as the plaintiff had no right to sue to recover back the money until the decree under which it was paid was reversed or set aside, the Statute of Limitations does not bar the present suit.

It is also argued by the defendant that the plaintiff cannot maintain this suit for the reason that the $3000.00 received by her through her committee was received from all of the e'ght children of Simmons' first wife jointly, and that any suit brought to recover it back must be in thier joint names, and for their joint benefit. It is true the decree under which the money was paid required these eight children to pay the sum of $3000.00, but that decree has been set aside and declared to be null and void, and the defendant has in her possession money paid under it. It clearly appears in this case, notwithstanding the attempt of the committee of the widow to show otherwise, that this money was paid by each of the parties separately. The account filed by the committee shows this. It was not paid out of any common fund belonging to the parties, but each party paid a certain part of the $3000.00 directly to the Committee. The inquiry in this suit to recover back the money is, whose money was it that the defendant received? If it was a joint fund belonging to all of the eight children who paid it then they would have to maintain a joint suit, but if each of them paid a part of it out of his separate funds he could only maintain a separate suit to recover back the amount which he paid. The question is, who owns the cause of action? The cause of action sprang into existence because of the payment of money under this void decree, and, of course, the cause of action would be vested in whoever owned the funds, the payment of which gave rise to it. The fact that the decree required the payment of $3000.00 by the eight children does not characterize their right to recover back this fund. If the defendant has received the sum of money sued for from the plaintiff out of his separate funds, which is shown to be the case, then the right to restitution, as the term clearly implies, is in the party whose money has been received by mistake.

It is further insisted that the defendant here was not a party to the proceeding in which the former decree and the arbitrators' award was held to be void, and that the same is not set aside as to her. The decree entered in that case declared the arbitration and the court's decree entered upon it absolutely void because it acted beyond its jurisdiction. The land given to the eight children was taken away from them and restitution of it made to the parties to whom it was conveyed by the deed, but restitution was not made of the $3000.00 which the eight children had paid to the defendant here, for the reason that she was not a formal party to that suit. The decree under which the money was paid was held to be void, and was entirely set aside, and the suits in which the decree was entered permitted to stand just as they stood before the entry of that void decree. Immediately upon that being done it was the duty of the court to make restitution of the property which had changed possession under the decree which had been set aside, and so far as it could be done in that case it was done, and this suit was then brought for the purpose of having restored to this plaintiff the money which he had paid under the void decree. Upon the whole case we do not think there is any question about the plaintiff's right to recover the amount paid by him and by his sister who assigned her claim to him, which amounts are the sum of $500.00.

We will reverse the findings of the circuit court in favor of the defendant, and find in favor of the plaintiff for said sum, with its interest from the 12th day of December, 1917, the date from which the plaintiff claims the right to collect interest, amounting in the aggregate to the sum of $631.08, and render judgment here for that amount, with costs in this court and in the court below.

*Reversed, and judgment for plaintiff.*