(No. 6226. January 16, 1936.)

J. C. WHITE, Respondent, v. COEUR D'ALENE BIG CREEK MINING COMPANY, a Corporation, Appellant.

[55 Pac. (2d) 720.]

James A. Wayne, for Appellant.

Fred D. Crane and Gray & McNaughton, for Respondent.

Robert E. Brown, *Amicus Curiae,* on Petition for Rehearing.

HOLDEN, J.—This suit was commenced for the purpose of restraining the sale of certain shares of the stock of the appellant owned by the respondent, as well as for the purpose of procuring an order requiring appellant to bring its books and records within the jurisdiction of the court, and also to obtain an order granting respondent the privilege of examining the same. Upon the filing of the complaint, an order to show cause was issued and served. On the return day of the writ, to wit, December 3, 1934, appellant filed a general demurrer to the complaint, as well as the affidavit of its secretary, in response and, apparently, as an answer to the order to show cause. On the same day respondent filed an affidavit, among other things, denying certain statements contained in the affidavit of appellant's secretary. An affidavit

made by respondent's attorney, Fred D. Crane, was also filed. A hearing was had on the order to show cause and the return thereto, and thereafter, to wit, December 24, 1934, the trial court ordered that a temporary injunction issue, restraining the sale of respondent's stock (an injunction bond being given as required by secs. 6–403, 6–404, I. C. A.), and also directing that the books of the appellant be delivered to the clerk of the court for examination by respondent. December 26, 1934, a writ of injunction issued, restraining the sale of respondent's stock, until the further order of the court. The appeal is from the order of the trial court granting the temporary injunction.

Two errors are assigned: 1. That the complaint does not state facts sufficient, and that respondent's showing was not sufficient, to entitle the respondent to the issuance of the injunction. 2. That the complaint does not state facts sufficient, and that respondent's showing was not sufficient, to entitle the respondent to an order requiring the appellant to deliver its books to the clerk of the court for examination by respondent.

The complaint, verified, among other things, alleges: That defendant, Coeur d'Alene Big Creek Mining Company, was, and still is, a corporation organized and existing under the laws of the state of Idaho, and having its principal place of business at the city of Coeur d'Alene, in Kootenai county, and plaintiff has been at all said times, and still is, a stockholder of record therein; that prior to October 17, 1934, appellant levied several assessments upon its outstanding capital stock; that "upon several occasions, after having levied several pretended assessments, notices were published and pretended sales of stock held, but that none of said assessments were enforced as to all of the stock"; that at the time of the levy of the respective assessments there was still due and unpaid upon "a considerable portion" of the outstanding stock, prior assessments which had not, and never have, been collected; that on the 6th day of October, 1934, considerable sums of money were due the appellant by virtue of the levy of assessments upon outstanding capital stock, which had not been paid, and that no steps had been taken

to collect the same, either by sale pursuant to law, or otherwise; that "no injunction had been issued by any court having jurisdiction to prevent the collection of said, or any of said, unpaid assessments"; that, "from the 2d day of February, 1926, up until the month of July, 1934, no meetings of the stockholders and/or directors of said corporation had been held"; that "sometime during the month of July, 1934, a meeting of the stockholders of the defendant corporation was pretended to have been held in the City of Coeur d'Alene"; "that at that time those stockholders present pretended to elect a Board of Directors"; that "thereafter a portion of the directors met and pretended to levy an assessment of one mill per share upon the outstanding capital stock of the corporation, payable on or before the 27th day of November, 1934, to C. F. Uhden, pretending to act as secretary-treasurer of the defendant, at Seattle, Washington, and providing that unless the assessment be then paid, all stock delinquent be advertised for sale and sold at public auction December 27, 1934, to pay the assessment delinquent thereon, together with costs of advertising and expenses of sale"; that "notices were sent out, one being sent to plaintiff, advising him that his stock would be sold unless the assessment should be paid as required by said pretended levy"; that "contrary to the laws of the State of Idaho, the books of the corporation are all without the State of Idaho, and have been for a long period of time"; that respondent "has used the utmost diligence and has made every effort to locate the books and secure an examination thereof, but has not been able to find the same, and that no examination has been made by him or in his behalf"; that "unless prohibited by the equitable interposition of this court, said assessment sale will be held and the plaintiff and other stockholders will be damaged without having any recourse."

██ With the exception of the allegations of the corporate existence of the appellant, and that respondent is a stockholder of record of appellant, all the above allegations were made on information and belief. For example: "Plaintiff is informed and believes and therefore alleges that," etc. It is contended, therefore, that the complaint is insufficient,

but no cases are cited in support of the contention. However, we have investigated the question of the sufficiency of allegations made on ''information and belief,'' and find that in *Swank v. Sweetwater Irr. etc. Co.,* 15 Ida. 353, 98 Pac. 297, this court said: ''The allegation that 'defendant is informed and believes' certain facts, without also alleging on information and belief that those facts do exist, is no allegation at all.'' As held in the Swank case, *supra,* an allegation that a litigant is ''informed and believes'' is insufficient, because it is only an allegation in respect to the litigant's-information and belief. If the allegations in respondent's complaint were merely that plaintiff is ''informed and believes,'' they would be insufficient under the rule announced in the Swank case, *supra,* but that is not true here. In the case at bar, the allegations of the complaint are as above stated: ''Plaintiff is informed and believes and therefore alleges that,'' etc., and, while it may not be as apt and appropriate as an allegation: ''Plaintiff is informed and believes and, therefore, alleges the fact to be, that,'' etc., it is sufficient.

It is also contended that respondent did not make out a proper case for the issuance of a temporary injunction. Respondent's showing was to the effect that several assessments upon outstanding stock had been levied; that none of the assessments was enforced as to all the stock; that, October 6, 1934, considerable sums of money were due appellant by virtue of a levy of said assessments and that no steps had been taken to collect the same. That was flatly denied by the affidavit of appellant's secretary, C. F. Uhden. In the Uhden affidavit, it is alleged that but two assessments had been levied, the first on October 11, 1926, and that such assessment was made payable December 1, 1926; that the sale of delinquent stock was set for January 3, 1927, and that said sale was actually held and all stock on which said assessment was not paid was sold at said delinquent sale. It also appears from the Uhden affidavit that the second assessment was levied October 6, 1934, and that at the time of the levy of that assessment, there was no stock outstanding on which any former or other assessment remained unpaid, and that the current (second) assessment was in process of collection.

Under the provisions of section 6–402, I. C. A., where the facts are in dispute, the granting of a temporary injunction is within the sound discretion of the court. (*Price v. Grice,* 10 Ida. 443, 79 Pac. 387.) Further: In order to entitle a party to an injunction *pendente lite,* it is not necessary that such a showing should be made as would entitle him to the relief prayed for upon final hearing. It is sufficient to show a state of facts that makes the transaction a proper subject of investigation by a court of equity, justifying the protection of property during the pendency of the action. (*Washington Water Power Co. v. Crane,* 40 Ida. 310, 233 Pac. 878; *Blue Creek Land etc. Co. v. Battle Creek Sheep Co.,* 52 Ida. 728, 19 Pac.. (2d) 628.)

The second assignment of error challenges the sufficiency of the complaint in that it does not expressly allege a demand for, and a refusal of, the privilege of examining appellant's books. In support of that assignment, appellant cites and relies upon *Pfirman v. Success Min. Co.,* 30 Ida. 468, 166 Pac. 216. In that case it appears that Pfirman was the owner of 100 shares of the capital stock of the Success Mining Company; that during the course of an annual meeting, he made informal demand upon the officers of the company for the privilege of examining a certain ore contract between the Success Mining Company and the Graeselli Chemical Company; that Pfirman was informed by the Secretary of the Success Mining Company that neither the ore contract nor any other matter pertaining to the company's affairs would be given out except at the option of the officers of the company; that thereafter Pfirman made a formal oral and written demand upon the secretary of the company, demanding the right to examine and inspect all the records of the corporation; that the secretary invited Pfirman to make a personal examination and inspection of all the records of the company at its office, but stated that the contract between the Success Mining Company and the Graeselli Chemical Company was at the mine office several miles away, and that he had no control over the same; that the secretary was willing that Pfirman make a personal examination, but declined to permit such examination to be made by an agent, unless such agent was

acceptable to himself. Upon that state of facts, this court held: "It is without doubt the law that before a writ of mandate will issue commanding certain acts to be done, there must be a demand and a refusal. The appellants contend that in this case none of its officers ever refused to permit the respondent to examine the records in the office of the appellant corporation at Wallace, and that as to the contract with the Graeselli Chemical Company, respondent never demanded an examination of the same. The refusal to permit respondent to appoint his own attorney or agent to make the examination was in effect a denial of the right," citing *Mitchell v. Rubber Reclaiming Co.*, (N. J. Eq.) 24 Atl. 407.

An exception to that rule is where a corporation by its own conduct makes a demand upon it by a stockholder impossible. In the case at bar, the appellant had no officers at Coeur d'Alene, Idaho, its principal place of business, upon whom demand for the privilege of examining its books and records could be made. It did not maintain a registered (or any) office either at Coeur d'Alene, or elsewhere in the state, as required by section 29-142, I. C. A., nor did appellant keep its books and records at Coeur d'Alene. Appellant having made it impossible to make a demand upon it, will not be permitted to use its own conduct to defeat respondent's right to examine its books, and having failed to maintain an office at its principal place of business to which it might be required to bring its books for inspection, thus making it necessary for the court to order that its books and records be delivered to its clerk, appellant will not be heard to object to the order of the court in that respect. And here, as in the Pfirman case, *supra,* it is contended that there was no refusal of the privilege of examining the corporate books, and that there is an absence of any showing that if a demand had been made, it would not have been granted. This court, in the Pfirman case, *supra,* held that "The refusal to permit the respondent (Pfirman) to appoint his own attorney or agent to make the examination was in effect a denial of his right." In other words, this court held, in effect, that such conduct amounted to a refusal of the privilege of examining

the books of the corporation. And applying the same reasoning here, the said conduct of the appellant amounted to a refusal of the privilege of examining its books.

A positive refusal is not necessary in all cases before a writ of *mandamus* will lie to compel the performance of a duty. The law never demands a vain thing, and when the conduct and action of a corporation is equivalent to a refusal to perform, it is not necessary to go through the useless formality of demanding its performance. (Merrill on Mandamus, sec. 225.)

In the Mitchell case, *supra* (cited and approved in the Pfirman case), it appears that Mitchell was president and a director of the Rubber Reclaiming Co., and that the company contended because of Mitchell's position as president and a director of the Rubber Reclaiming Co., it became his duty to know the condition of the company and, therefore, that it must be presumed he did know. Nevertheless, the New Jersey court held that, on a petition to have the books of a corporation brought into the state for inspection, it was no defense that petitioner was president and a director of the corporation, and presumed to already know all that could be learned from an inspection of the books. Here, the fact that appellant supplied the respondent, by the affidavit of its secretary, with what it claims to be full and complete information pertaining to the levying and collection of assessments, does not defeat the right of examination of its books and records conferred upon respondent by statute (sec. 29-143, I. C. A.). The statute expressly grants the right of examination. To permit that statutory right to be defeated by the instrumentality of an affidavit of the corporation whose books a stockholder seeks to examine, would amount to annulling the statute.

The order appealed from is affirmed with costs to respondent.

Givens, C. J., and Budge and Morgan, JJ., concur.

Ailshie, J., did not sit at the hearing and took no part in the decision in this case.

ON DENIAL OF REHEARING.

GIVENS, C. J.—██ Appellant in its petition for rehearing and *amicus curiae* urge that the court did not consider the provisions of sec. 29-143, I. C. A., in granting respondent the right to inspect the books and records of appellant company, contending that that section of the statute requires a different showing than was held sufficient under sections 4758 and 4759 of the Compiled Statutes of Idaho, and in *Pfirman v. Success Min. Co.*, 30 Ida. 468, 166 Pac. 216, in that now inspection may be only had "for any reasonable purpose." Both because of the nature of the action herein, and that the showing was sufficient under the statute, respondent was entitled to inspect the books, etc., as requested and the petition for rehearing is denied.

Budge, Morgan and Holden, JJ., concur.

Ailshie, J., did not sit at the hearing and took no part in the decision in this case.