[Civil No. 4154. Filed March 4, 1940.]

[99 Pac. (2d) 702.]

THE CORPORATION COMMISSION OF THE STATE OF ARIZONA, and WILSON T. WRIGHT, W. M. COX and AMOS A. BETTS, as Members of the Corporation Commission of the State of Arizona, Appellants, v. SOUTHERN PACIFIC COMPANY, a Corporation, Appellee.

174

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for Appellants.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellee.

LOCKWOOD, J.—Southern Pacific Company, a corporation, hereinafter called the company, filed an action in the superior court of Maricopa county to set aside and vacate a certain order of the Corporation Commission of the State of Arizona, hereinafter called the commission. The trial court entered judgment in favor of the company, and from the judgment this appeal was taken.

The facts necessary for a determination of the appeal may be stated as follows: The company is a railroad corporation operating many miles of railroad in the state of Arizona, among them being a certain branch line extending from Phoenix to Winkleman. For years it had been operating a passenger and express train each way between those places, daily except Sunday. On April 29, 1933, it applied to the commission for permission to discontinue the operation of this train, on the ground that its operation was unprofitable, and there was not sufficient public convenience nor necessity to require its continuance. On September 19th the commission entered an order, stating that the application was denied for the time being, but that if by January 31, 1934, the company was still sustaining substantial losses by reason of the operation of the train in question, it might bring the matter before the commission for further consideration.

The company continued the operation of the train until June 11, 1938, when it again filed an application to discontinue its operation, stating that the loss from its operation had been continuous since the order of September 19, 1933, and that the maintenance of the service imposed a great burden upon its general business. After a hearing, the commission denied the application and required a continuance of the train. A motion for rehearing was made and denied, and the company instituted this action in the superior court of Maricopa county, under section 720, Revised Code 1928.

Under section 720, *supra,* it was necessary for the company to establish that the order of the commission denying the application to discontinue the service in question was unreasonable. We have considered the meaning of this section and its application in the case of *Corporation Commission* v. *People's*

*Freight Line, Inc.,* 41 Ariz. 158, 16 Pac. (2d) 420, 421. Therein we said:

"It will be seen, upon examining the language of this section, that the proceeding is not an appeal from the decision of the commission, but it is a new and independent action. The case is heard *de novo* upon such evidence as may be proper, and not merely upon a review of the evidence taken before the commission. Such being the case, the trial court is not bound by the rule followed on an appeal by this and by most appellate courts to the effect that, if any reasonable evidence sustains the order of a lower tribunal, an appellate court will not consider and review the weight of the evidence, or the inferences drawn therefrom by the trial court. The superior court in this proceeding had the right to form its own judgment as an independent tribunal as to the conclusion to be drawn from the evidence, subject only to the rule laid down in section 720, *supra,* that the burden of proof is on the plaintiff to show by clear and satisfactory evidence that the order of the commission is unreasonable or unlawful."

The question then is, Is there evidence in the record sufficient to show that the order of the commission was unreasonable?

It was stipulated that the evidence to be offered to the trial court should consist of the transcript of evidence and the exhibits introduced before the commission. The evidence shows that the annual gross revenue from the operation of the train has only been approximately two-thirds of the annual operating cost over a period of several years, and further that if the United States government discontinues the mail service which it is now maintaining over the branch line in question, as it has threatened to do, the annual gross revenue will only amount to about one-third of the operating cost. The commission does not dispute this loss, but alleges the rule of law to be applied to such a situation may be stated as follows:

"A public service corporation may not discontinue a minor portion of service, when public convenience and necessity demand that service, simply because that particular service is operated at a loss, unless it is shown that the entire system is materially affected by such loss,"

and cites in support thereof *Phoenix R. Co.* v. *Geary*, (D. C.) 209 Fed. 694; *Atlantic Coast Line R. Co.* v. *North Carolina Corp. Com.*, 206 U. S. 1, 27 Sup. Ct. 585, 51 L. Ed. 933, 11 Ann. Cas. 398; *Missouri Pacific R. Co.* v. *Kansas*, 216 U. S. 262, 30 Sup. Ct. 330, 54 L. Ed. 472.

██ We think the rule thus stated by the commission is correct, so far as it goes, but it is subject to a qualification. It does not mean that a slight public inconvenience necessarily overbalances a considerable loss of revenue. It must appear upon all the facts of the case, in the opinion of the trier of facts, that upon the whole the loss of revenue to the company by a continuance of the operation is less than would be the loss and inconvenience to the public by its cessation. In determining the question the trial court is not bound by the finding of the commission, but hears the evidence *de novo* and forms its own judgment as an independent tribunal as to the proper conclusion to be drawn. *Corporation Com.* v. *People's Freight Line, Inc., supra.*

█ We think it is clear from the evidence that while it will be some inconvenience to a small number of the public to have the service discontinued, yet there are other services existent and prospective which are able to, and will, handle all of the business now handled by the company, with comparatively little extra trouble and additional expense to the public. If this be true, then the implied finding of the trial court that the loss in revenue by a continuance of the service in question overbalances the inconvenience to the

public from the discontinuance thereof, is sustained by the evidence, and such being the case it was unreasonable for the commission to deny the application of the company to discontinue the service.

The judgment of the trial court is affirmed.

ROSS, C. J., and McALISTER, J., concur.