COUNTY TRANSPORTATION COMPANY, INC., Plaintiff, *v.* MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Defendants.

Supreme Court, Special Term, Albany County, October 15, 1947.

Edward R. Brumley, Thomas Bronson Jewell and Randolph J. Seifert for plaintiff.

Philip Halpern and George H. Kenny for defendants.

BERGAN, J. The right of a public utility to sue the Public Service Commission in equity for an injunction against the enforcement of a rate claimed to be confiscatory is now admissible under the New York practice (*Staten Island Edison Corp. v. Maltbie*, 296 N. Y. 374). The earlier doubts about the practice which seemed to leave open an article 78 proceeding in the nature of certiorari as the only relief from confiscation under constitutional protection have now been resolved in favor of equity as an additional remedy.

There were earlier views which upheld parallel equitable relief. See discussions of the right to equitable relief supplementing certiorari in the Appellate Division, Third Department, in *Matter of Pennsylvania Gas Co. v. Public Service Comm.* (211 App. Div. 253) and *Matter of New Rochelle Water Co. v. Maltbie* (248 App. Div. 66) and at the Albany Special Term in *Consolidated Water Co. of Utica v. Maltbie* (167 Misc. 269).

The Supreme Court of the United States has held that where confiscation with its constitutional connotation is claimed by a public utility as a result of a rate order, the utility is entitled to the independent judgment of a court on the facts claimed to sustain the allegation of confiscation, and upon the law (*Ohio Valley Co. v. Ben Avon Borough,* 253 U. S. 287).

Since the court in certiorari would not independently view the facts in New York, although an independent view of the law, of course, was always taken, it was supposed by the proponents of this form of remedy that the court in equity would do so in a suit for injunction; in any event it is now settled by the *Staten Island* case (*supra*) that the action lies.

What is not settled is the procedure to be followed: whether the court in equity, independently judging the facts of a purported confiscatory rate order, will start at the beginning and hear the witnesses whose testimony before the commission

formed the basis of the rate order; whether it will hear these or other witnesses on the effect of the order after promulgation; whether it will send the issues to a reference; whether it will receive the record before the commission in evidence on the trial, and if the record is received, the weight that will be given it; whether other testimony will be taken; and finally, whether the issues can be determined without formal trial on a motion for summary judgment.

In the background of the procedural problem is the fact that the proof in utility rate cases sometimes occupies many weeks and sometimes months before the hearing officers of the Public Service Commission; thousands of pages of testimony often are taken and trials *de novo* in the Supreme Court in all such cases would strain the judicial establishment to provide the time and facilities to hear and determine the suits, especially in the Third Judicial District where they would usually be prosecuted.

In this case the utility sues in equity to enjoin a rate fixed by the Public Service Commission on the ground it is confiscatory. Hearings were held before the commission on fifteen days; the minutes comprise more than 1,000 pages; there are eighty documentary exhibits and the findings and report in the commission run to some 140 pages. Several questions are raised by motions, but the question of major importance to the practice is a motion by the defendant Public Service Commission for summary judgment on the basis of the record made in the rate proceeding. This is procedural pioneering; no such motion has been made heretofore in this kind of a case under the New York practice.

Plaintiff is engaged in the business of transporting passengers by bus between New Rochelle and Stamford, Connecticut, and is within the jurisdiction of the Public Service Commission in the local rates of fare charged for its service within the State of New York.

In January, 1946, the commission instituted an investigation into plaintiff's local rates of fare. On November 20, 1946, the commission made a temporary order directing that plaintiff file tariff schedules providing for three tokens or tickets for twenty-five cents, for its regular local ten-cent service.

The proceeding before the commission continued, and on August 6, 1947, the commission made a final order in the proceeding directing the filing of permanent schedules identical with the temporary schedule of three tokens or tickets for twenty-five cents for the ten-cent service. The permanent order is not yet effective; but the identical temporary order continues in operation.

The general provisions of rule 113 of the Rules of Civil Practice set forth certain enumerated actions in which summary judgment may be granted. A suit for an injunction is not one of those specified, but where a defense, sufficient on its face, is " founded upon facts " established by " official record ", judgment for defendant may be granted summarily " in any action " whether or not of the character specified and for which the rule explicitly allows this form of judgment.

There is, therefore, jurisdiction to entertain the defendants' motion for summary judgment, although it is quite possible in view of the extremely limited nature of the language setting up the mechanics of the motion as they relate to " any action ", that if defendants' motion is denied judgment may not be granted summarily for plaintiff even if defendants' record would sustain it. That contingency is left open until the merits of the motion are considered.

It is determined preliminarily that a motion for summary judgment is a procedural remedy available in this action. But beyond holding that jurisdiction to hear the motion exists and that it is a form of relief appropriate to the action, no actual determination can be made without granting or denying the motion on the merits.

This kind of motion is not severable under rules 113 and 114, so that one order may be made passing upon the preliminary jurisdictional question whether the motion is appropriate to the practice and another order be made on the merits. There has been no special appearance by the plaintiff which would permit separate orders. The plaintiff has merely raised the point that summary judgment is not proper or appropriate and the determination that it is appropriate becomes merely a specification of law as part of the general consideration of the motion. I think the merits must be considered in order to make any order upon the motion and this decision is therefore limited to holding that the motion will be entertained. The merits will be heard fully at a time to be fixed, and, if possible, to be agreed on by counsel.

Defendants also move to dismiss the complaint. The motion is very broad, and, of course, the *Staten Island* case (*supra*) is determinative of the general point that the complaint states a cause of action. The complaint, oddly enough, is defective in form, since it is subscribed by the party and not the attorney as required by rule 91, but this under the motion before me is not a good ground for dismissal.

Defendants argue specifically on their motion to dismiss that so much of the complaint which seeks an injunction against the temporary rate must be dismissed because, in the first *Staten Island* case (*Staten Island Edison Corp.* v. *Maltbie,* 292 N. Y. 611), which affirmed a judgment of this Special Term, it was held that an injunction would not issue against a temporary rate on the ground of confiscation.

But the basis of the first *Staten Island* case (*supra*) was that a temporary rate could not be confiscatory, assuming reasonable progress in the proceeding leading to a final rate (p. 612) because there would be an adjustment in the final rate which would cure any injustice in the temporary rate. But when a final rate is made, the end result is seen and if the final rate is the same as the temporary one, the hope of ultimate recoupment is gone.

If the final rate is confiscatory as it is pleaded here, the temporary rate is confiscatory also, and if there is to be relief against one it must extend to the other. It would be absurd to continue a temporary rate after an identical permanent rate had been arrived at, but not made effective, and to argue under the authority of the first *Staten Island* case (*supra*) that one might be, and the other might not be, enjoined as confiscatory.

For this reason the plaintiff's motion for a stay is granted. Appropriate statutory findings may be submitted. The stay shall contain provisions for the protection of users of the utility and for security. The order shall provide that it will continue until twenty days after entry of judgment in this court, and shall be conditional upon diligent prosecution of the action by plaintiff, including the presentation of its contention on the motion for summary judgment.

Submit orders upon the motion addressed to this complaint and for a stay. No order is to be submitted on the motion for summary judgment until that motion is decided. The papers, briefs and records are retained in this office.