267 P.2d 634

**MOUNTAIN STATES TEL. & TEL. CO.**

v.

**JONES et al.**

No. 8041.

Supreme Court of Idaho.
Feb. 16, 1954.

Rehearing Denied March 16, 1954.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., for appellant.

Carey H. Nixon, Boise, J. H. Shepherd, Denver, Colo., for respondent.

Grant Ambrose, Meridian, amicus curiæ, for Idaho State Grange.

GIVENS, Justice.

May 17, 1952 respondent Company, by formal petition, applied to the Public Utilities Commission for approval of increased rates, and for appropriate, pertinent hear-

ings, which commenced September 3, 1952 and continued seriatim until March 24, 1953, whereupon the Commission, by its order of May 13, 1953, denied the increase.

May 15, 1953 respondent Company filed a complaint in the District Court asking for a mandatory injunction permitting respondent to charge such rates, increased to give an additional annual income of $1,097,000 and that appellants be restrained from interfering with such collection. The complaint was accompanied by notice, directed to appellant Commission and the Attorney General and his assistants as attorneys for the Commission, that May 25 at ten o'clock a. m. such temporary injunction would be sought.

At that time respondent, with court permission, amended its complaint alleging it had asked the Commission May 25 for a rehearing in the initial case.

A general demurrer to the complaint was overruled, and appellants forthwith filed an answer traversing the substance of the complaint with affirmative, negating and countering substantive allegations, asserting no increase of rates was justified, needed, or should be allowed.

The transcript of the proceedings, and exhibits, before the Commission were, over appellants' objection, admitted in evidence. The court instanter made its order and decree, finding with specific reference to the record the rates in effect prior to the application for their increase, if continued, would result in confiscation to respondent and that the rates should be increased as substantially requested by respondent to prevent confiscation and authorized the collection of the increased rates, same to be impounded with the Clerk of the Court under the protection of a $100,000 bond insuring prompt payment by respondent Company of all damages; and refund to entitled users if the increased rates be not ultimately authorized; prohibited appellants from interfering with such collections, but expressly did not interfere with continued hearings and determination by the Commission of ultimate rates.

■ The complaint, though no model and sketchy, was not vulnerable to the general demurrer, which was, therefore, properly overruled. Rowland v. Kellogg Power & Water Co., 40 Idaho 216, at page 223, 233 P. 869; Staten Island Edison Corp. v. Maltbie, 296 N.Y. 374, 73 N.E.2d 705, at page 706, 8 A.L.R.2d 825; Lowell Gas Co. v. Department of Public Utilities, 324 Mass. 80, 84 N.E.2d 811; Prendergast v. New York Telephone Co., 262 U.S. 43, 43 S.Ct. 466, 469, 67 L.Ed. 853.

■ Appellants urge respondent has not exhausted administrative remedies prerequisite to its application for this injunction, in that it did not ask the Commission to suspend the rates approved by it. Sections 61–624 to 61–626 Idaho Code. If the Commission would have suspended its rates, the court herein has done no more. If it would

not have, it would have been vain and useless to so ask and there is nothing to suggest the Commission would have suspended its rates.

"Manifestly under such circumstances the injunction should not have been denied merely because application had not been made to the Commission * * (for suspension)." Prendergast v. New York Telephone Co., supra.

Herein, rehearing was asked, granted, and is now pending.

■ That confiscation was not raised before the Commission is no bar to raising it herein in this equitable proceeding. Baltimore & Ohio R. Co. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209.

"Assuming that there is a zone of reasonableness within which the Commission is free to fix a rate varying in amount and higher than a confiscatory rate, (cases) the Commission is also free under § 5(a) [15 U.S.C.A. § 717d (a)] to decrease any rate which is not the 'lowest reasonable rate' ". Federal Power Comm. v. Natural Gas Pipeline Co., 315 U.S. 575, 62 S.Ct. 736, 743, 86 L.Ed. 1037.

Joy v. Winstead, 70 Idaho 232, 215 P.2d 291, merely held the District Court had jurisdiction, either in equity or under the Statute, or both, to issue a mandatory injunction pendente lite to prevent confiscation and irreparable damage, until the question of increased rates has been finally determined. That case recognized that interim inability to collect a non-confiscatory rate would result in irreparable damage, because of the impossibility of recoupment. Such are the general concepts. State ex rel. Public Service Comm. v. Marion Circuit Court, 230 Ind. 277, 100 N.E.2d 888, 103 N.E.2d 214. We did not, in any way, outline the procedure or what was necessary to be shown to justify such an injunction. County Transp. Co. v. Maltbie, 189 Misc. 743, 73 N.Y.S.2d 906, at page 908.

■ Appellants in their praecipe expressly did not ask for the Summons, Sheriff's return, affidavits of service and minutes of the court. A copy of the Notice that May 25, 1953 at ten o'clock a. m., respondent would apply for a temporary injunction sought herein, accompanies the complaint and the Order and Decree of the Court recites:

"* * *; that service of Summons and a copy of the Complaint has been had upon each and all of the Defendants named herein; that a copy of a Notice stating that in accordance with the statutes in such case made and provided, Plaintiff would, on May 25, 1953, at ten o'clock A.M., apply to this court for a temporary injunction staying and suspending Commission Order No. 2255, as in said Notice specified, together with a copy of the Summons and Complaint in this action, was duly served on all of the Defendants named

herein and on all other persons making a personal appearance in the proceedings before the Commission in opposition to Plaintiff's application for increases in rates, such service of said Notice having been completed at least three days before the time set for this hearing for a temporary injunction. The matter is properly before the court at this time for the limited purpose of determining whether Plaintiff is entitled to a temporary injunction pendente lite, subject to such conditions as the court may impose."

Therefore, contrary to appellants' assignments of error, Sections 8–408 and 61–633, Idaho Code, were complied with.

■ While the State did not proffer any evidence at the hearing, the summary disposition as shown by the record herein, in effect, indicated no additional evidence would be received or considered. This was unduly and prejudicially restrictive. Alabama Public Service Comm. v. Southern Bell Tel. & Tel. Co., 253 Ala. 1, 42 So. 2d 655, at page 667.

■ Section 61–633, I.C., expressly requires the proceedings before the Commission to be introduced in evidence; therefore, they were properly admitted. Authorities, which we deem pertinent, indicate that in *addition* to the Commission record, evidence bearing on the question of confiscation may be introduced by any interested party. Lowell Gas Co. v. Department of Public Utilities, 324 Mass. 80, 84 N.E.2d 811, at page 817, supra; Prendergast v. New York Telephone Co., 262 U.S. 43, 43 S.Ct. 466, 67 L.Ed. 853, supra; Public Service Commission v. Indianapolis Rys., 225 Ind. 30, 72 N.E.2d 434, at page 439; Corporation Commission v. Southern Pac. Co., 55 Ariz. 173, 99 P.2d 702; Baltimore & Ohio R. Co. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209.

This is not a rate hearing, but an extraordinary, emergency proceeding in equity pendente lite for the sole and only purpose of considering temporary relief against probable confiscation. Joy v. Winstead, supra.

Appellants largely control curtailing such interim period by expediting and concluding the rehearing in Public Utilities case, Docket No. U–1000–2.

■ The issuance of such an injunction is addressed to the sound, considered judicial discretion of the trial court after a full hearing on the single issue of probable confiscation. Shields v. Johnson, 10 Idaho 454, 79 P. 394; Rowland v. Kellogg Power & Water Co., 40 Idaho 216, at page 223, 233 P. 869, supra.

What must be shown to justify the issuance of an interim, temporary injunction of this nature has been stated accurately in the following cases:

"While an application for an interlocutory injunction does not involve a final determination of the merits, it

does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief. Thus, if the issue is confiscation, the complainant must make a factual showing of the probable confiscatory effect of the statute or order with such clarity and persuasiveness as to demonstrate the propriety in the interest of justice, and in order to prevent irreparable injury, of restraining the state's action until hearing upon the merits can be had. (Cases.) The result of the court's inquiry into the issues and into the facts presented upon the interlocutory application, in order to satisfy itself as to the gravity of complainant's case and the probable consequences of unrestrained enforcement of the statute or order, should be set forth by the court in a statement of the facts and law constituting the grounds of its decision. While that decision is not on the merits and does not require the findings of fact and conclusions of law which would be appropriate upon final hearing, the court should make the findings of fact and conclusions of law that are appropriate to the interlocutory proceeding." Public Service Comm. v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 515, 77 L.Ed. 1036.

" 'This is not a final hearing, but only upon petition of plaintiff for an interlocutory injunction, and therefore proof need not be as complete as upon a final hearing. All that is necessary is that plaintiff show that it is prima facie entitled to an injunction; that the injury to plaintiff will be certain and irreparable if the application for an interlocutory injunction be denied, and, if the injunction be granted, that the injury to the opposing party, even if the final decree be in its favor, may be adequately indemnified by bond.' * *

" 'Upon an application for an interlocutory order granting an injunction, it is not necessary that such a case should be made out as would entitle the plaintiff to relief at the final hearing. It is sufficient if the court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity.' " Public Service Commission v. Indianapolis Rys., 225 Ind. 30, 72 N.E.2d 434, at page 439, supra;

Trautwein v. Moreno Mut. Irr. Co., 9 Cir., 22 F.2d 374; State v. Tri-State Telephone & Telegraph Co., 204 Minn. 516, 284 N.W. 294; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681; White v. Coeur D'Alene Big Creek Mining Co., 56 Idaho 282, at page 288, 55 P.2d 720.

Any additional evidence should not be mere repetition or unnecessary and extended duplication of evidence already in the record or go beyond the limited issues involved. Hearings of this kind should not be an endurance Marathon, each side endeavoring to wear out the other, resulting in useless and unnecessary expense to the patrons of the Telephone Company and the general tax-paying public.

The action, therefore, is reversed and the cause remanded with instructions to the learned trial court to admit evidence presented by any party to the proceedings, in *addition* to the evidence contained in the record of proceedings and exhibits before the Commission, and to bring down to date, so far as is reasonably possible, the showing pro and con as to confiscation.

█ The mandatory injunction, though improvidently issued, will, to prevent possible interim irreparable damage, be continued permitting the collection of the increased rates under the bond heretofore issued until a determination of the propriety of the injunction upon a full and proper hearing by the trial court in compliance herewith, and his consequent ruling. Alabama Public Service Comm. v. Southern Bell Tel. & Tel. Co., 253 Ala. 1, 42 So.2d 655, at page 691, supra.

Costs to appellants.

PORTER, C. J., and TAYLOR, J., concur.

KEETON, Justice.

I concur with Justice GIVENS that the order and injunction issued should be reversed and further hearing had, and the appellants given an opportunity to be heard. I further concur in the holding that the money now impounded should remain impounded until the Company's right to exact the increase has been determined. I am of the opinion that future collections of the increased rates should be dispensed with until such time as the right of the Company to exact the increase has been shown. Otherwise, I concur.

THOMAS, Justice.

I dissent from that portion of the majority opinion which gives effect to and continues the injunction in full force and effect, thereby permitting the collection of the increased rates until a determination of the propriety of the injunction is made upon a full and proper hearing.

The injunction should be dissolved instanter and the funds collected from subscribers refunded.

The telephone company sought an increase in telephone rates before the Public Utilities Commission; upon a full hearing, the Commission denied any increase; immediately thereafter the telephone company sought in and received from the district court an order and decree granting a temporary injunction pendent lite authorizing the collection and impounding of the increased rates sought; for all practical

purposes until a full hearing in the court below, the proposed increased rates must be paid by the subscribers, and this without a full and complete hearing upon the issues raised before the district court.

The discretionary power vested in the court to grant injunctive relief in such cases is not an arbitrary one; it is a sound and legal discretion which should be exercised with great caution; the requirements of caution and sound legal discretion can only be had upon a full hearing; it is indeed a delicate power which requires an abundance of caution, deliberation and sound discretion based upon a full disclosure of the facts which demonstrate with reasonable certainty and persuasiveness the probability of confiscation; it cannot be exercised soundly or with caution without hearing all the relevant facts on the issues joined with reference to the probability of confiscation.

The majority opinion holds that the trial court in summarily granting the telephone company the relief sought without hearing any evidence for and on behalf of the State in support of its answer was "unduly and prejudicially restrictive" and hence the injunction was "improvidently issued". With this I am in agreement; however, the majority opinion not only allows the effect of such an injunction to attach from the date of its issuance but continues it in full force and effect until upon a full hearing, at some future date, it is determined whether or not it should have been issued in the first instance; the relief initially granted and which the majority opinion continues in full force and effect is the exact relief sought by the telephone company even though it was obtained arbitrarily and without due process of law.

An order based upon such a record is arbitrary as a matter of law and should be set aside and the moneys collected from the subscribers refunded, and future additional payments suspended until such time as a full hearing discloses with reasonable certainty that such is justified on the ground of probable confiscation.

On Petition for Rehearing

GIVENS, Justice.

The brief in support of the petition for rehearing, urging that since the Court held the injunction was improvidently issued, the increased rates collected and impounded should immediately be refunded, cites the following cases, which we analyze:

Radermacher v. Eckert, 63 Idaho 531, 123 P.2d 426, First Nat. Bank of Ft. Scott v. Elliott, 60 Kan. 172, 55 P. 880 and State v. Rose, 4 N.D. 319, 58 N.W. 514, 26 L.R.A. 593, did not involve comparable situations and are not in point.

United States v. Morgan, 307 U.S. 183, 59 S.Ct. 795, 803, 83 L.Ed. 1211, is squarely in point and supports the majority opinion herein. That case involved charges fixed by the Secretary of Agriculture for packers and stockyards. The original order is-

sued by the Secretary was reversed because of improper procedure, as herein. The action of the trial court herein was reversed as improvident, not because the facts before him were insufficient to justify the injunction permitting the charging of the increased rates to avoid confiscation, which was not passed on, but because opportunity was not given the State or other interested parties to introduce evidence contrary to the showing made by the plaintiff. In the cited case, upon the reversal of the Secretary's order, it was urged the charges theretofore collected should immediately be refunded, as herein. The Court said:

"A proceeding is now pending before the Secretary in which, as we have seen, he is free to determine the reasonableness of the rates. His determination, if supported by evidence and made in a proceeding conducted in conformity with the statute and due process, will afford the appropriate basis for action in the district court in making distribution of the fund in its custody. (Case.) Due regard for the discharge of the court's own responsibility to the litigants and to the public and the appropriate exercise of its discretion in such manner as to effectuate the policy of the Act and facilitate administration of the system which it has set up, require retention of the fund by the district court until such time as the Secretary, proceeding with due expedition, shall have entered a final order in the proceedings pending before him. [Proceedings now pending before the Public Utilities Commission.] (Cases.) The district court will thus avoid the risk of using its process as an instrument of injustice and, with the full record of the Secretary's proceedings before it, including findings supported by evidence, the court will have the appropriate basis for its action and will be able to make its order of distribution accordingly."

Our interpretation of the above case is supported by the analysis thereof in Mountain States Tel. & Tel. Co. v. Public Service Comm., 107 Utah 502, 155 P.2d 184 (cited by defendants), in both the majority opinion at page 189 and the concurrence at page 190. The Utah case ordered the refund because of certain statutes which we do not have. The majority opinion therein concedes that if it were not for these statutes, the principle announced in United States v. Morgan, supra, would govern— which supports the majority opinion rendered herein.

Atlantic Coast Line Railroad Co. v. Florida, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451, considered restitution where payment had been made without any provision for restitution if the rates involved were ultimately found to be non-confiscatory, i. e., that the lower rates were justified. The Court held that procedural mistakes of the Commission in making the order involved

were not sufficient to justify restitution. The Court denied restitution, but the case does not decide the point herein and is not in point because here the funds are being impounded under court order authorizing their restitution if the lower rates are found to be non-confiscatory.

Simmons v. Simmons, 91 W.Va. 32, 112 S. E. 189, merely holds that on the ultimate and final disposition of the case, there should be restitution. This litigation, including the pending hearings before the Commission, has not yet been so concluded.

Felton v. Spiro, 6 Cir., 78 F. 576, and Davis v. Davis, 68 App.D.C. 240, 96 F.2d 512, if in point at all, are only to the effect that where the trial judge did not regularly pursue his authority, there should be a correct hearing—which we have already ordered.

The brief in support of the petition for rehearing, therefore, does not cite a single authority which sustains the proposition that distribution of the funds should now be made.

The underlying reason for the issuance of this injunction, i. e., to prevent possible confiscation, still persists and the only pertinent authority cited, United States v. Morgan, 307 U.S. 183, 59 S.Ct. 795, 83 L.Ed. 1211, supra, supports the continuation of the injunction as ordered pendente lite.

PORTER, C. J., and TAYLOR and KEETON, JJ., concur.

THOMAS, J., dissents.

Rehearing denied.