STATEN ISLAND EDISON CORPORATION, Plaintiff, *v.* MILO R. MALTBIE et al., Individually and Constituting the Public Service Commission of the State of New York, et al., Defendants.

Supreme Court, Special Term, Albany County, May 28, 1948.

*Philip Halpern* for defendants.

*George Foster* for plaintiff.

BOOKSTEIN, J. Plaintiff instituted this plenary action in equity for an injunction against the enforcement of a rate claimed by it to be confiscatory and the right to maintain the action has been upheld (*Staten Island Edison Corp.* v. *Maltbie,* 296 N. Y. 374, 297 N. Y. 614).

Defendants now move for summary judgment, dismissing plaintiff's complaint, pursuant to rule 113 of the Rules of Civil Practice upon the ground that the answer in the action sets forth a defense established prima facie by documentary evidence and official records which is sufficient as a matter of law and which entitles the defendants to judgment dismissing the complaint herein.

The so-called documentary evidence and official record, upon which the defendants base their motion, are the following: " The

complete record in case no. 8983, the transcript of the minutes
of the hearing before the Public Service Commission and the
exhibits introduced into evidence in the said proceeding, either
physically or by reference."

The extent of the record before the Public Service Commis-
sion in this case is indicated in the memorandum of the defend-
ant, Maltbie, in support of the permanent rate order sought to
be restrained in this action, as follows: "When the hearings
were finally closed, there had been held 63 separate hearings,
6,786 pages of testimony had been taken and 271 exhibits, not
including the annual and quarterly reports which were offered
by reference, had been presented."

There is a serious question, as to whether the transcript of
the minutes of the oral testimony of witnesses who testified
before the Public Service Commission constitutes either "docu-
mentary evidence or official record" within the meaning of rule
113 of the Rules of Civil Practice and also as to whether all of
the 271 exhibits introduced in evidence before the Public Service
Commission are "documentary evidence" within the meaning
of those words as employed in rule 113 of the Rules of Civil
Practice or "official record[s]" within the meaning thereof.
In view of the conclusion reached by this court, however, it is
unnecessary to determine those questions.

In an action similar to this and subsequently instituted, the
right to the relief of summary judgment was upheld preliminar-
ily but without a determination of the motion on the merits
(*County Transp. Co.* v. *Maltbie*, 189 Misc. 743).

Assuming, for the present purposes, therefore, that, under the
authority of the *County Transportation Company* case (*supra*)
the remedy of summary judgment under rule 113 of the Rules
of Civil Practice is available to the defendants, we pass to a
consideration of the merits of the motion.

This case is a novel one. It is the first case in which the Court
of Appeals has passed upon the question of whether an action in
equity will lie to enjoin the enforcement of a rate order of the
Public Service Commission upon the claim of a utility company
that the prescribed rates are confiscatory.

Prior to the decision of the Court of Appeals in this case, the
customary method of reviewing rate orders of the Public Service
Commission has been by the certiorari procedure under article
78 of the Civil Practice Act. (Cf. *People ex rel. Cons. Water
Co.* v. *Maltbie*, 275 N. Y. 357.)

In the present case, the Court of Appeals has held that the
scope of review provided by the certiorari procedure, under

which the court is limited to the decision of questions of law (including the question of whether the determination is supported by substantial evidence) is not sufficient to fulfill the requirements of the due process clause of the Constitution.

The court held that a utility company, claiming that rates prescribed by the commission are confiscatory, is entitled to maintain an action in equity in which the court can determine from the evidence before it, both on the facts and the law, whether or not the rates complained of are confiscatory and, if so, that the court should enjoin the rate orders of the commission, where the findings of the commission are "believed to be wrong upon a fair consideration of the record." (296 N. Y. 374, 382.)

The defense, upon which this motion is based, as shown by the moving papers, is that the findings of the Public Service Commission, as contained in the memoranda adopted by the commission in support of its rate orders, are fully in accord with the weight of the evidence contained in the record made before the commission and are fully supported thereby, and, therefore, the prescribed rates are not confiscatory or unlawful.

The defendants argue that if this contention is found by this court to be correct, on this motion, upon a full review of the entire record made before the commission, and upon the exercise by the court of its " independent judgment as to both law and facts " with respect to the issue of confiscation (*supra,* p. 381), it is apparent that there is a complete defense to the claim of the plaintiff in this action and that the complaint must be summarily dismissed upon the merits.

The effect of granting the motion of summary judgment is to have the Special Term entertain an enlarged article 78 proceeding for a review. In other words, the defendants' position is that, if on an independent review of the law and facts of the entire record before the Public Service Commission, this court can determine that plaintiff's claim of confiscation is not well founded, then summary judgment should be rendered for the defendants and the complaint should be dismissed.

It may very well be that such procedure is desirable, especially, when one contemplates the nature and extent of the record before the Public Service Commission. Certainly, it would tend to relieve the great strain on the judicial establishment, particularly in the Third Judicial District, which will be inevitable if trials *de novo* are to be had in all rate cases where confiscation is claimed. Such desirability, however, cannot be the basis for sustaining the contention of the defendants, if it is not otherwise tenable.

Since the Court of Appeals in this case has already held that the limited review afforded by the present article 78 of the Civil Practice Act does not satisfy constitutional requirements in an alleged confiscatory rate case, it may well be that an enlarged proceeding in the nature of an article 78 proceeding, affording the courts unlimited right to review the facts as well as the law, may be a far more satisfactory method of determining the question of confiscation than a plenary suit in equity involving a trial. That, however, is a matter for the Legislature and not for the courts. Whatever may be said, academically and theoretically, as to the right to the remedy of summary judgment in a case of this character, this court is constrained to conclude that, indirectly, at least, the Court of Appeals, in this case, has precluded the remedy of summary judgment.

In its opinion sustaining this cause of action, the Court of Appeals said (p. 383): " We find no compelling necessity for a trial *de novo* of every rate case in which confiscation is claimed. The illegality in such cases is confiscation or deprivation of property without due process of law. The legality of the rate must primarily depend upon the proceedings before the commission, and the record of those proceedings will of necessity be before the trial court since the statute authorizes determination in the first instance by the commission, and the courts may not properly consider the question without knowledge of the administrative record * * *. This appears to be the practice when injunction suits such as this are brought in the Federal courts. We see no reason for departing from that practice in the trial of this action. *We need not now consider under what circumstances, if any, the court may be justified in receiving additional proofs or newly discovered evidence.*" (Emphasis supplied.)

After the decision of the Court of Appeals was rendered in this case, the defendants moved in that court, among other things, that the opinion of the court be clarified. The clarification was sought mainly with reference to the underscored sentence in the foregoing quotation from the opinion of the Court of Appeals. In the defendants' brief in the Court of Appeals, on that subject, at pages 48 and 49 thereof, counsel for defendants said: " There is grave danger that this sentence [the underscored sentence above] may be interpreted by the trial courts as authorizing * * * a trial *de novo*. As we pointed out in the discussion of the complaint *supra* [i.e., in that portion of defendants' brief dealing with the application for reargument], it is apparently the purpose of the plaintiff not only to introduce evidence *de novo* with respect to all the issues before

the Commission but also to introduce evidence upon issues which were not before the Commission and with respect to a period of time not covered by the Commission's proceeding.

" If the plaintiff is allowed to carry out this program, there will be a prolonged and expensive trial and a needless expenditure of time, money and energy.

" This Court should modify its opinion accordingly and should explicitly state that new evidence may not be received at Special Term."

In the opposing brief on that motion before the Court of Appeals, counsel for the plaintiff stated, at page 30 thereof: " Certainly, this Court [the Court of Appeals] should not be asked to ' explicitly state that new evidence may not be received at Special Term.'

" The sufficiency of the allegations of the complaint has been sustained on appeal. Upon the trial it will be necessary for the plaintiff to introduce evidence tending to sustain those allegations. There is no reason to assume that the rules of practice and procedure governing equity trials in general will not be applied in the trial of the instant case * * *. As the majority said (296 N. Y. at p. 380): ' * * * the complaint sufficiently alleges confiscation in violation of plaintiff's constitutional right — a question which of course may be determined only after the proofs are in (*Municipal Gas Co.* v. *Public Service Comm.*, 225 N. Y. 89, 98).' "

With these two conflicting views presented to the Court of Appeals, the Court of Appeals denied the motion for clarification made by the defendants and, in effect, denied their motion to limit the trial court solely to a consideration of the record before the Public Service Commission.

The effect of granting defendants' motion for summary judgment, therefore, would be for this court, in advance of trial, to limit the evidence to the record before the Public Service Commission. The Court of Appeals has expressly declined to impose that limitation in this case. It is true that the court has stated that a trial *de novo may not be necessary in every rate case* in which confiscation is urged. It has also said (p. 383): " We need not now consider under what circumstances, if any, the court may be justified in requiring additional proofs or newly discovered evidence."

As the matter now stands, the trial court is left in a field of experimentation and exploration. As has been well stated by Mr. Justice BERGAN in the *County Transportation* case (*supra*) at page 745, " This is procedural pioneering ".

It is the opinion of this court that, under the decision of the Court of Appeals in this case, sustaining the complaint and thereafter denying the motion for clarification of its opinion, defendants' motion for summary judgment does not lie.

It is true that further " procedural pioneering " will have to be done upon the trial of the action itself, with respect to what evidence, if any, in addition to the record before the Public Service Commission will be received in evidence. The fact that the decision of the Court of Appeals leaves it to the trial court to determine what additional proof or what additional evidence may be presented upon the trial is an additional indication that this motion should be denied, since the granting of it would be a determination by the Special Term that the only evidence to be considered is the record before the Public Service Commission which, in effect, forecloses the trial court from determining the question of what additional proofs or newly discovered evidence should be received in accordance with the opinion of the Court of Appeals in this case, which expressly left that matter for determination by the trial court.

It is true that the minority opinion in the Court of Appeals in this case said (p. 393) : " As we understand the majority's position, it is that due process requires a plenary equity suit to try plaintiff's allegation of confiscation, *but that no new testimony need be taken,* and that the equity court may try the issue *on the proof already taken by the commission."* (Emphasis supplied.)

Based upon the matter just quoted the defendants contend that, if the certiorari procedure in this State were broad enough to afford the scope of review which it is claimed the Supreme Court requires in rate cases where confiscation is alleged, then an equity action of this type would not lie, because the remedy by certiorari would be adequate, even though no trial *de novo* occurs under that procedure.

It was upon that basis that defendants urged, before the Court of Appeals, that if that court were to hold that a broader scope of review was required than that afforded by the certiorari procedure (under the decisions of the Court of Appeals relating to article 78), then the court should broaden the scope of certiorari review by judicial construction.

In denying that request, the Court of Appeals said (p. 384) : " If such changes are desirable, the Legislature, but not the courts, should make them." The defendants argue further that the Court of Appeals did not give the slightest intimation that, if such a change were to be made by the Legislature, a broader.

scope of review in certiorari, upon the record made by the commission, would not satisfy all constitutional requirements; that, on the contrary, the statements of the Court of Appeals indicate clearly that it would satisfy them.

Accordingly, the defendants argued that the ultimate issue is whether, upon the basis of the record made before the commission — which is the sole evidence in the case — the prescribed rates are confiscatory; that such issue can be determined only upon an examination of the record with relation to the proofs which were considered by the commission and the findings made by the commission, for the purpose of determining whether they are in accord with the weight of the evidence; that the object is not to determine issues of ultimate fact in the ordinary sense, but to *review* the record made by the commission in order to determine on the court's independent judgment whether plaintiff's constitutional rights have been invaded; that the ultimate issue is a legal one — a conclusion of law — to be based upon the review of the commission's record.

Defendants contend further that such a review does not call for a trial; that the situation is analogous to an appeal to the Appellate Division from a judgment, " upon the law and the facts "; that the Appellate Division is entitled to weigh the evidence for the purpose of determining whether the judgment is in accord therewith; that there is no " trial " in the Appellate Division — there is only a *review* of the judgment appealed from upon the record made in the court below; that in a suit like the present one the court, sitting in equity, serves exactly the same function in respect to the rate orders of the commission.

The answer to these contentions, however, plausible, is that they were, in effect, rejected by the Court of Appeals, when that court declined to modify or clarify its opinion and hence cannot be adopted by the Special Term.

The motion for summary judgment is denied.

Submit order.