423 P.2d 145

**Paul SULGER, Appellant,**

v.

**ARIZONA CORPORATION COMMISSION, Milton J. Husky, E. T. "Eddie" Williams, Jr., Dick Herbert, Appellees.**

**I CA–CIV 396.**

Court of Appeals of Arizona.
Jan. 25, 1967.

Leibsohn, Goldstein & Weeks, by Philip T. Goldstein, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., Sidney M. Rosen and H. Jerome Lewkowitz, Asst. Attys. Gen., Richard C. Gormley, Asst. U. S. Dist. Atty., for appellees.

DONOFRIO, Judge.

Appellant, Paul Sulger, appeals a judgment of the Superior Court of Maricopa County which held that an order of the Arizona Corporation Commission revoking appellant's certificate of convenience and necessity was proper.

Appellant, an operator of limousines and taxicabs in the area around Sierra Vista, Arizona, was ordered to show cause why he "should not cease and desist certain practices contrary to rules of the Arizona Corporation Commission" and why his "certificate of Convenience and Necessity should not be cancelled for failure to comply with the rules and regulations of this Commission". The complainants were listed as "Various Civilian Employees and Service Personnel at Fort Huachuca, Arizona". The order was directed at Paul Sulger, doing business as Sulger Cab Co.

February 11, 1965, a hearing was held. Appellant represented himself. At this hearing the Commission was concerned al-

most entirely with safety conditions of appellant's vehicles. No formal order was entered as a result of the hearing, although one of the Commissioners suggested that appellant equip his vehicles with fire extinguishers and first-aid kits, have his drivers submit to health examinations, and maintain a log on limousine trips from Sierra Vista to Tucson.

In April the U. S. Army, as intervenor, requested the Commission to reopen and take additional evidence. The Commission granted the petition and set the matter for rehearing, which was held June 8, 9, and 30, 1965. Although safety was raised again and financial responsibility was also considered, these hearings were largely devoted to allegations that appellant solicited or encouraged his drivers to solicit fares from soldiers stationed at Ft. Huachuca to certain establishments in Naco, Sonora, Mexico. At the end of the three days of rehearing, the Commission took the matter under advisement. On August 30, 1965, the Commission entered its order revoking and cancelling appellant's certificate of convenience and necessity. The finding in the order is:

"After due consideration, the Commission finds that the allegations of the Complainants' complaint are true and that the Respondent had violated the rules and regulations of this Commission and the Laws of the State of Arizona."

Appellant filed an application for rehearing which was denied on September 17, 1965. He thereafter filed his complaint in the Superior Court under A.R.S. § 40–254 to set aside the action of the Commission. The entire transcript of hearings before the Commission, consisting of over twelve hundred pages, together with additional witnesses and evidence, were both received by that Court which entered its judgment with findings of fact and conclusions of law. This appeal followed.

■ The first question is whether appellant was entitled by A.R.S. § 40–254 to a trial "de novo" in the Superior Court. If he was, then he argues that he was denied that right when the Superior Court allowed the transcripts of the hearings before the Commission to be introduced in evidence instead of confining its consideration solely to the evidence presented at the trial.

As we look at de novo under the digests, it means several things, depending upon the particular appeal. It means anew, afresh, a second time, or in the same manner. The Court in the classic de novo trial would be making a fresh determination of fact on the same issues that had been before the prior tribunal and solely on evidence that would be presented newly to the Court.

The instant issue before the Superior Court was not whether appellant had violated the rules and regulations of the Commission, but rather whether the order of the Commission was proper.

A.R.S. § 40–254, subsec. A provides:

"A. Any party in interest, or the attorney general on behalf of the state, being dissatisfied with any order of the commission, may * * * commence an action in the superior court * * * to vacate and set aside such order or decision on the ground that the valuation, rate, joint rate, toll, fare, *charge or finding*, rule or regulation, classification or schedule, practice, demand, requirement, act or service provided in the order or decision is unlawful, or that any regulation, practice, act or service provided in the order is unreasonable. * * *" [Emphasis supplied]

The original order is the matter under review.

A.R.S. § 40–254, subsec. E

"E. In all trials, actions and proceedings the burden of proof shall be upon the party adverse to the commission or seeking to *vacate or set aside any determination or order* of the commission to show by clear and satisfactory evidence that it is unreasonable or unlawful." [Emphasis supplied]

In its decision the Court is limited. A.R.S. § 40–254, subsec. C provides:

"* * * Judgment shall be given *affirming, modifying or setting aside the original or amended order.*" [Emphasis supplied]

█ That a burden of proof be imposed at this time shows that this is not a trial "in the same manner". This statute does not call for a trial de novo in the classic sense. Our Supreme Court has interpreted the cases calling for a "de novo" review to mean only that the Superior Court may exercise independent judgment.

"Numerous Arizona cases construing A.R.S. § 40–254 unequivocally hold that the hearing before the superior court is *de novo* and we have construed this to mean the superior court must exercise an 'independent judgment'. (citations) * * * This only means that the trial court is empowered to reach an independent conclusion. * * *" Arizona Corporation Commission v. Fred Harvey Transp. Co., 95 Ariz. 185, 190, 388 P.2d 236, 239 (1964).

We find it is the actions of the Commission which are subject of the cause before the Superior Court and that the trial of that cause is not a classic trial de novo requiring an entirely new determination of fact solely on new evidence; therefore we hold that the transcripts before the Commission were properly admitted and that the Superior Court had a duty to examine the transcripts of the hearings before the Commission to determine what the actions of the Commission were and, as in this case, to determine whether the charge or finding was lawful and reasonable.

█ Appellant urges that A.R.S. § 40–610, subsec. C under which the Commission acted is an unconstitutional delegation of legislative powers. This section provides:

"The commission may at any time for good cause suspend a certificate or permit, and, upon not less than five days notice to the grantee of a certificate or permit, and after opportunity to be heard,

may revoke or amend a certificate or permit."

The Corporation Commission must be distinguished from the general type of administrative agency. Usually the agency is created and derives its powers solely from the Legislature, but the Corporation Commission was created by people of Arizona through the Constitution just as was the Legislature. Throughout the years the courts of this state have been faced with the problem of defining the relationship of powers of those two concurrent constitutional bodies.

In Corporation Commission of Arizona v. Pacific Greyhound L., 54 Ariz. 159, 94 P.2d 443 (1939), Justice Alfred C. Lockwood reviewed the decisions on the question to that date. The problem in that case was whether the Legislature had the power to enact a statute regulating the transportation of passengers by motor common carriers for hire and private commercial carriers over the public highways of Arizona. It was held, noting Ariz.Constit. Art. 15 § 3, A.R.S., that the Legislature had the paramount power in rule-making except for rates, charges, and classifications for which the Commission had full power by constitution.

The pertinent part of Art. 15, § 3, giving the Commission rule-making power, provides:

"* * * and make and enforce reasonable rules, regulations, and orders for the convenience, comfort, and safety, and the preservation of the health, of the employees and patrons of such corporations, * * *"

█ The Legislature can delegate legislative power, for it is using its paramount power to define the terms upon which the Corporation Commission can exercise its own constitutionally given legislative power.

"* * * the paramount power to make all rules and regulations governing public service corporations not specifically and expressly given to the commission by

some provision of the constitution, rests on the legislature, and it may, therefore, either exercise such powers directly or delegate them to the commission upon such terms and limitations as it thinks proper." Corporation Commission of Arizona v. Pacific Greyhound L., supra.

We next pass upon the constitutionality of A.R.S. § 40–610, subsec. C under which the Commission acted as being vague, indefinite and uncertain.

■ We do not find the statute unconstitutionally vague, for pursuant to its constitutional power the Commission has enacted a number of rules which have been filed with the Secretary of State under A.R.S. § 41–1004. These General Orders define what subjects are included in "good cause". In addition, the Legislature, using its paramount power, has enacted statutes which also define what may be included in "good cause". Therefore A.R.S. § 40–610, subsec. C is constitutional.

But the existence of proper rules is not the only problem. The use of the rules must be proper. The appellant has raised the problem of proper use by questioning whether he was denied due process when he was not informed prior to hearing what rules and regulations he had violated.

Art. 2 § 4 of the Arizona Constitution, and Section 1 of the Fourteenth Amendment to the Constitution of the United States both protect life, liberty, and property from violations of due process.

■ A certificate of convenience and necessity is a liberty which is entitled to protection. The certificate is a license which allows a person to enter those employments which are restricted for reasons of health, safety, and welfare of the people of this state and is regulated by the Corporation Commission.

■ Due process means that the actions of the state cannot be arbitrary, nor can they be without proper procedure. Bennett v. Arizona State Board of Public Welfare, 95 Ariz. 170, 388 P.2d 166 (1963), 1 Am. Jur.2d § 148. The procedure must include notice of time and place of hearing, a reasonable definite statement of the charges, the right to produce witnesses and to have a full consideration and determination according to evidence before the body with whom the hearing is held. Application of Levine, 97 Ariz. 88, 397 P.2d 205 (1964).

The critical portion of the procedure in this case is the "reasonable definite statement of the charges". The purpose is to give the person charged an opportunity to defend. To do so he must know against what he must defend. The Commission apparently recognized this, for in Article V of General Order 255, titled "Complaints" it has provided for this protection.

"(1) Complaints shall be in writing and shall contain the essential elements of a complaint, including the name and address of the complainant, the name of the person against whom complaint is made, a complete statement of the grounds for said complaint, indicating the date or dates of the commission or ommission (sic) of the acts or things complained of, and the nature of the relief sought by the complainant. * * *

*   *   *   *   *   *

"(4) In proceedings initiated by the Commission against any person for the violation of law or of its rules or regulations, the Commission shall serve upon said person a complaint reciting the matters and things complained of and shall also direct that said person be and appear before the Commission on a day certain, then and there to make answer to said matters and things complained of.

"(5) Every complaint shall be so drawn as to fully and completely advise the parties against whom said complaint is directed, and the Commission, wherein the law or the rules and regulations of the Commission have been violated, and each violation thereof shall be separately stated in said complaint. * * *"

■ There are no complaints in the record of this case, nor orders to show cause, which show any particular statutes, rules and regulations alleged to have been

violated. Appellant faced preparation for all the relevant rules and regulations of the Commission and statutes of the state. A list in the brief by the Attorney General shows twenty different rules, regulations, and statutes which could apply. This list was not made until the evidence was taken and the order of the Commission was entered. How was appellant to know which twenty would be chosen? Without this notice the constitutionality of the statutes could not be challenged, the regularity of rules under the Administrative Procedure Act could not be tested, preparation would be impossibly broad, there could be questions as to whether the Legislature had superseded a rule of the Commission, proper use of the police power could not be raised; but none of these defenses is of any use if appellant could not determine where the attack would be directed.

At the June 7, 1965 hearing appellant was for the first time represented by counsel. So that he could defend his client, counsel, as his first act, asked which rules and regulations were violated. The question was not answered in the ensuing three volumes of transcript, although after the first hearing on safety, the subjects reviewed changed radically to morals and finances.

In the first portion of this opinion we decided that the record of the hearing before the Commission was properly in evidence before the Superior Court; therefore the inadequate opportunity to prepare affected not only the hearings before the Commission, but also was carried on to the review where the Court could read and consider a record of a hearing in which appellant was denied his rights.

Not only did the Commission fail to inform appellant of the precise nature of the charges, but it did not set forth what violations it found when it finally entered its order on August 30, 1965. Appellant then faced the review before the Superior Court, uninformed of what he was guilty.

It is, of course, much easier to prove violations if the accused is not informed of the charges, testimony is taken broadly on any conceivably relevant subject, and finally, the decision is only "you have violated". Such conduct we find to be a violation of due process, both substantive and procedural.

We must reverse.

CAMERON, C. J., and STEVENS, J., concur.