438 P.2d 329

Corwin M. HAYS and Richard N. Jarrett, dba Hays & Jarrett, a co-partnership, Appellants,

v.

The ARIZONA CORPORATION COMMISSION et al., and Tucson Warehouse and Transfer Company and Reliance Truck Company, Appellees.

No. 1 CA–CIV 445.

Court of Appeals of Arizona.

March 7, 1968.

Rehearing Denied April 2, 1968.

Review Denied April 30, 1968.

Lutich, D'Angelo & Wilson, by Richard A. Wilson, Phoenix, for appellants.

Darrell F. Smith, Atty. Gen., by H. J. Lewkowitz and Charles S. Pierson, Asst. Attys., Gen., for appellee Arizona Corporation Commission.

Robertson, Childers, Everett, Burke & Drachman, by Burton J. Kinerk, Tucson, for appellee Tucson Warehouse and Transfer Co.

Minne & Sorenson, by Richard Minne, Phoenix, for appellee Reliance Truck Co.

CAMERON, Chief Judge.

This is an appeal from a judgment of the Superior Court of Maricopa County in an action commenced by the appellants, pursuant to § 40–254 A.R.S., wherein they sought to set aside a decision of the Arizona Corporation Commission revoking the appellants' certificate of convenience and necessity.

The questions presented on appeal are:

1. Was the trial court correct in finding that appellants had not maintained a "base of operations" in Prescott, Arizona?

2. Was the trial court correct in finding that appellants' business after the lease was under the control of the lessor?

The facts necessary for a determination of this matter on appeal are as follows. A certificate of convenience and necessity No. 5220 was issued 6 March 1940 to Elmer Price as a "common motor carrier for the transportation of sand, rock, gravel, and plant mix for the construction of highways, for compensation over the public highways designated as those within the State of Arizona with headquarters at Prescott, Arizona."

This certificate was transferred 29 August 1947 to appellant Corwin Hays and another with "no change, modification, improvement or extension of rights". In 1952 appellant Hays sought, with a renewal application, to change the base of operations to Sunnyslope, Arizona, however, this request for change of base of operations was denied.

In May of 1956 Mr. Hays filed an application to amend the certificate, attempting to change the base of operations from Prescott to Phoenix, Arizona. Once again the attempted change of the base of operations was denied. In April of 1957 an application was filed to transfer the certificate held by Mr. Hays to Hays and Jarrett, a partnership. The new certificate was issued in June of 1957 in the partnership name with the specific provision that the base of operations of the partnership remain at all times in Prescott, Arizona.

The record indicates that at the time the partnership was formed in 1957 the appellants operated two trucks, each driven by one of the appellants. As a result of the partnership's inability to operate profitably in Prescott, Mr. Jarrett began operating out of Tucson, Arizona, and Mr. Hays out of Phoenix. The partnership's only connection with Prescott from 1957 until the complaint was filed in 1961 was a telephone listing in the name of one of the partners and a post office box.

In June of 1961 Hays and Jarrett entered into a leasing agreement with Cagel Brothers Trucking Service of Phoenix, wherein appellants leased some 12 trucks and 32 trailers from Cagel Brothers. Cagel Brothers was also in the business of hauling construction materials, but was limited by

its certificate to a 25-mile radius of Phoenix, Arizona. The lease was approved by one of the Commissioners. After the lease, with the help of the appellants' state-wide certificate, Cagel Brothers' equipment so leased was used beyond the 25-mile limit to haul construction material. The appellants also filed an application to transfer and assign their certificate and rights to Cagel Brothers. The appellants operated under the terms of the lease for approximately two months until a complaint was filed by Tucson Warehouse and Transfer Company and Reliance Truck Company. After the hearing on the complaint the Commission canceled the certificate of convenience and necessity, and appellants brought an action in the Superior Court to review the decision of the Corporation Commission, and the trial court after one appeal to the Supreme Court on matters not covered by this opinion, Hays v. Arizona Corporation Commission, 99 Ariz. 358, 409 P.2d 282 (1965) found:

> "1) That the plaintiffs' Principal place of business and base of operation from the time of the lease was in Phoenix, Arizona.

> "2) That the services maintained by the plaintiffs at Prescott, Arizona were merely incidental and in no way substantial.

> "3) That the plaintiffs' business during the period that the lease was in full force and effect was subject to and in the control and custody of the lessor; * * *"

and upheld the decision of the Commission "canceling and revoking" appellants' certificate.

## BASE OF OPERATIONS

■ The Arizona Corporation Commission is empowered by the provisions of § 40–604, subsecs. A and B, A.R.S., to "supervise and regulate all common and private motor carriers" and may "make and adopt reasonable rules and regulations it deems proper, and prescribe forms as are

necessary." § 40–607, subsec. C, A.R.S. provides that the Commission:

> "* * * may attach to exercise of the right granted by the certificate terms and conditions which it deems the public convenience and necessity require."

And before a certificate of convenience and necessity can be issued the Commission must be provided with the principal place of business of the applicant. § 40–607, subsec. A, par. 2, A.R.S. This Court has discussed "base of operations" as follows:

> "* * * Our statute 40–607, subsec. A, par. 2 requires only that the applicant for a certificate of convenience and necessity list his 'principal place of business' and by inference is limited to the place designated by the certificate as his headquarters or home office. He is not prevented in maintaining alternate or auxiliary 'yards' as the demands of his operation dictate." Tucson Warehouse & Tr. Co. v. Arizona Corp. Commission, 2 Ariz.App. 565, 569, 410 P.2d 683, 687 (1966).

It is reasonable to require that the holder of a certificate of convenience and necessity be required by the Commission to establish and maintain a base of operations in a particular place, and failure to do so may result in a cancellation of the certificate.

■ The record indicates that the appellants maintained a telephone and post office box in Prescott, and the appellants contend that this was enough to establish a base of operations. However, we are unable to agree with this contention. The principal place of business is a question of fact which has to be determined from the evidence. In viewing the evidence in the instant case it is apparent that the "base of operations" or "principal place of business" of the appellants was not in Prescott, Arizona. From 1957 to 1961 the partnership's only connection with Prescott was the telephone and post office box. Mr. Hays was operating his truck in Phoenix and Mr. Jarrett was operating his truck in Tucson. When the partnership entered

into its leasing agreement with Cagel Brothers. Trucking in 1961 the base of operations was still not located in Prescott, Arizona. By virtue of the lease the appellants' operation was based at the Cagel Brothers office in Phoenix. All the orders received by the appellants were received in the Phoenix office of Cagel Brothers, all books were kept in the Cagel Brothers' office, the dock for the appellants' operation was located at the Cagel Brothers' yard, and all equipment, except for one truck, remained in Phoenix. The burden of proof is upon the party seeking to set aside the action of the Commission. Tucson Warehouse and Tr. Co. v. Arizona Corporation Commission, supra, Sulger v. Arizona Corporation Commission, 5 Ariz. App. 69, 423 P.2d 145 (1967). The finding by the trial court that appellants' place of business was in Phoenix and that the services maintained in Prescott were "merely incidental and in no way substantial" was amply supported by the evidence and will not be disturbed by this Court.

## THE LEASE

The next question was whether the trial court erred when it found that the appellants' business during the period of the lease was subject to and in the control and custody of the lessor, Cagel Brothers. General Order Number MV–15 of the Arizona Corporation Commission in force at the time provides in part as follows:

"IT IS ORDERED that from and after the date hereof no person operating as a common or contract motor carrier of property shall augment his equipment by lease or other arrangement unless possession and control of the added equipment for the term of the lease, is entirely vested in such carrier and in such way as to be good as against the lessor and all the world, and such added equipment shall be operated under the exclusive operation and control of such carrier and by operators as employees of such carrier and not of the lessor or any other person whomsoever."

We feel this is a reasonable requirement of the Commission and in the light of the above order it was necessary that the appellants, when leasing the equipment from Cagel Brothers, maintain absolute control over the equipment and employees. The obvious intent of order MV–15 is to prevent the leasing of a certificate of convenience and necessity. When examining the activities of the appellants under their lease with Cagel Brothers it becomes apparent that Cagel Brothers was attempting to use the appellants' certificate in order to circumvent the 25-mile limit contained within their own certificate. Although the lease was approved by the Commission, the Commission had the power to revoke approval when it learned that the leased equipment remained under the control of the lessor, Cagel Brothers. § 40–610, subsec. C, A.R.S. provides:

"The commission may at any time for good cause suspend a certificate or permit, and, upon not less than five days notice to the grantee of a certificate or permit, and after opportunity to be heard, may revoke or amend a certificate or permit."

The Commission had the power to revoke the appellants' certificate of convenience, and the facts before the trial court were sufficient from which it could find that the lease was contrary to order Number MV–15.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.