502 P.2d 539

**ARIZONA TANK LINES, INC., Appellant,**

v.

**ARIZONA CORPORATION COMMISSION et al., Appellees.**

**No. I CA–CIV 1722.**

Court of Appeals of Arizona, Division One, Department A.

Nov. 9, 1972.

Evans, Kitchel & Jenckes by Earl H. Carroll, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee Ariz. Corp. Comm.

Yankee & Bernstein by A. Michael Bernstein, Phoenix, for appellees B. F. Walker, Inc. and Trans Western Tankers, Inc.

DONOFRIO, Judge.

This is an appeal by Arizona Tank Lines, Inc. from a judgment entered in Maricopa County Superior Court in favor of B.F. Walker, Inc. and Trans Western Tankers, Inc. involving the affirmance of Decision No. 39717 of the Arizona Corporation Commission.

On September 25, 1968 appellant filed a complaint with the Corporation Commission seeking a determination as to whether Trans Western Tankers, Inc. was operating beyond the scope and legal authority of a certificate of convenience and necessity granted on March 20, 1956 (within Corporation Commission Decision No. 29517, Docket No. MC 13778) to Ferguson Trucking, Inc., the predecessor in interest of the appellees. In essence, the appellant contends that the following certificate, in particular the word "materials", does not permit the appellees to transport liquid commodities in bulk to the locales specified within the certificate:

"Machinery, materials and equipment used in the discovery, development, production, refining, processing or storage of natural gas and/or petroleum, and heavy and cumbersome commodities only, limited to direct operations in the oil and gas industry in Navajo and Apache Counties, Arizona, and north of U.S. Highway 66 in said counties, over irregular routes with non-scheduled service."

As required, the Superior Court action was a trial *de novo* (Corporation Comm. v. Southern Pac. Co., 55 Ariz. 173, 99 P.2d 702 (1940); Corporation Comm. v. People's Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420 (1932)) in which the court made findings of fact and conclusions of law

pursuant to Rule 52, Rules of Civil Procedure, 16 A.R.S. These findings in effect determined that Trans Western Tankers had the authority to transport liquid in connection with the drilling for oil and gas. We are taking the liberty of setting out below the entire set of findings of fact and conclusions of law with emphasis added to that part to which appellant takes exception:

"FINDINGS OF FACT

"1. In 1956 the Corporation Commission issued a certificate of public convenience and necessity to Ferguson Trucking Co., which authorized the following:

'Machinery, materials and equipment used in the discovery, development, production, refining, processing or storage of natural gas and/or petroleum, and heavy and cumbersome commodities only, limited to direct operations in the oil and gas industry in Navajo and Apache Counties, Arizona, and North of U.S. Highway 66 in said Counties, over irregular routes with non-scheduled service, excluding cement in sack or bulk.'

"2. Said certificate was subsequently transferred to G.L. Gibbons, then transferred to M & H Trucking, Inc., then to Trans Western Tankers, Inc., and lastly to B.F. Walker, Inc.

"3. While the application to transfer said certificate to B.F. Walker was pending, the plaintiff, Arizona Tank Lines, Inc., filed a complaint with the Commission alleging that the above certificate did not include the right to transport liquid commodities in bulk.

"4. On November 4, 1968, the Commission entered its Decision No. 39717 dismissing the complaint of Arizona Tank Lines, Inc., which alleged that the certificate did not include the right to transport liquid commodities in bulk.

"5. *The Commission found that the certificate in question did authorize the transportation of liquid commodities in*

*bulk so long as the same is 'used in' the discovery, development, production, refining, processing, or storage of natural gas and/or petroleum."* (emphasis added)

## "CONCLUSIONS OF LAW

"1. The Corporation Commission has exclusive power to regulate common carriers.

"2. The decisions of the Corporation Commission are entitled to great weight by virtue of the expertness, special competence, specialized knowledge and experience of the Commission.

"3. There must be a showing by clear and convincing evidence that a decision of the Corporation Commission is unreasonable or unlawful before the court may change a decision of the Corporation Commission.

"4. That Decision No. 39717 is not unreasonable and unlawful.

"Counsel shall prepare formal judgment within ten days from date.

"DONE IN OPEN COURT this 11th day of January, 1971.

/s/ Jerry H. Glenn

JUDGE"

We recognize that the findings of fact by the trial court are binding on this Court if they are reasonably supported by the evidence, and that we are not bound by such findings when we, as a reviewing court, are left with a firm conviction that a mistake has been made by the trial court and that the findings of fact are clearly erroneous. 16 A.R.S., Rules of Civil Procedure, Rule 52(a). Merryweather v. Pendleton, 91 Ariz. 334, 372 P.2d 335 (1962). See also Park Central Develop. Co. v. Roberts Dry Goods, Inc., 11 Ariz.App. 58, 461 P.2d 702 (1969). It is appellant's contention that the findings of fact are clearly erroneous and are therefore entitled to no weight in this Court.

We believe the crux of this appeal is whether the Corporation Commission ruled on the merits of appellant's complaint before it at the hearing on October 3, 1968. If the Corporation Commission did in fact rule on the merits and considered its files and records in doing so, we could review the record to determine, as the trial court would have been obligated to do, if the Commission's findings and conclusions were reasonably supported by the evidence. Then, if we determined that the findings were reasonably supported by the record, we would not disturb the judgment of the Commission or the trial court. On the other hand, if the Commission did not rule on the merits of the complaint, then the findings of fact in the Superior Court are clearly erroneous as there never was a ruling by the Commission in the first place to be reviewed by the trial court.

On the basis of the record before us we are unable to see where the Commission ruled on the merits of the complaint, nor are we able to see how the trial court could have reviewed the records of the Commission which do not appear to have been introduced into evidence. Therefore it is our opinion that the court clearly erred in making the findings of fact and conclusions of law on this point.

The Superior Court action was, as stated previously, a trial *de novo* but the transcript of the Corporation Commission hearing of October 3, 1968 was entered into evidence and apparently given substantial weight by the Superior Court in its determination of the matter. See Sulger v. Arizona Corporation Commission, 5 Ariz.App. 69, 423 P.2d 145 (1967). This transcript is the key as to what took place. It is to be noted that Trans Western Tankers, Inc. was the owner of the certificate in question. A transfer of said certificate to B.F. Walker, Inc. was also before the Commission at that October 3, 1968 hearing, as well as the matter of the complaint. Given this background, the following testimony from that hearing is set forth:

"CHMN. WILLIAMS: I don't believe that we have any jurisdiction at this time to alter the wording of the certificate.

"MR. CARROLL: I am not suggesting that you do.

"CHMN. WILLIAMS: I understand that. The only thing that we have to find is whether or not there is a legal certificate, and whether or not the persons that want it are fit and proper persons. I believe the fit and proper person issue has been determined, and now all we have to do is find out whether or not there is a valid certificate.

"MR. CARROLL: Let me say this, Mr. Chairman, there are other complaints relating to whether or not there is a certificate, and you take the position in those proceedings that that isn't an issue, properly an issue. This is just like a complaint that would be filed any day of the week regarding someone's operations under a certificate, that they are operating outside of the scope of their authority. *That is the question that is to be decided in this instance, what is the scope of the authority. The fact that there is a transfer doesn't make one bit of difference. That is the issue, is what does the certificate authorize, and has the hauling of water been unlawful. That is what is up to be decided.* (emphasis added)

"CHMN. WILLIAMS: Well, of course, we can take judicial notice of our own records. There has [sic] been tariffs and rates filed for the transportation, and accepted by this Commission, which is prima facie, I think, that we recognized the certificate authorized the transportation of cracking materials, be it oil, water, or what have you.

*"If there is nothing further to be added to the record, the Chair will entertain a motion.* (emphasis added)

"COMM. HUSKY: *I feel that at this time, because the complaint was filed, it was initiated on the application for transfer, and this certificate is in good standing, that a complaint can be filed against the new owner at any time, the day after it goes into effect, as far as that is concerned.*

*"So I move that the complaint be dismissed and the application be granted.* (emphasis added)

"CHMN. WILLIAMS: *Let the record show that there is a second to that motion. Therefore, that will be the order of the Commission."* (emphasis added)

The record does not contain a copy of the formal order entered by the Commission, and at oral argument both counsel were unable to produce the order or to account for its whereabouts. However, none of the parties contends that there was not a formal order or that the provisions within the order vary from the ruling made at the hearing which has been set out above.' It is also to be noted that the Commission made no other finding in support of its order or dismissal. Therefore it is the opin-'ion of the Court that the evidence is clear and unequivocal that the only action undertaken by the Commission was to dismiss the complaint and grant the transfer of the certificate in question to B.F. Walker, Inc. from Trans Western Tankers, Inc. Upon the record before us, we find that there was no construction of the word "materials" by the Commission, and therefore we must reverse the judgment of the Superior Court, which judgment was predicated upon a Commission ruling that did not exist. In this case Commissioner Husky stated that the complaint could be refiled after the transfer of the certificate to B.F. Walker, Inc. was completed. Therefore the findings of fact and conclusions of law are clearly erroneous.

■ Appellant argues that this Court should endeavor to construe the certificate issued on the Commission's Docket, No. MC 13778, in particular the word "materials", and thereby determine the case on its merits. Were all the facts agreed to and were it purely a question of law, we would have no hesitancy in doing so. We are unable, however, to see where there has ever been any stipulation as to any fact situation upon which such an opinion could be based or applied. In fact, the following colloquy at the October 3rd hearing would

**394**

indicate that there was no inclination to stipulate:

"COMM. HUSKY: Your complaint if [sic] just on the water part?

"MR. CARROLL: Well, liquids. It is our position—

"COMM. HUSKY: The only thing I would like to ask, processing and storage —does that mean that Trans Western says they can, if they can get oil out of the ground, they can transport it to a refinery, or take it someplace and store it?

"MR. BERNSTEIN: Mr. Husky, I don't know whether or not—it is certainly not the intention to do so. We will be willing, I am sure, to limit the authority, as they did in the Dallas certificate, which authorized, by stipulation with Arizona Tank Lines, and we will, frankly, be willing to use that same language, that the liquids and water would be limited to those used, I believe it says in the drilling of the oil wells or gas wells. It is not the intention of this company, although we don't like to give anything away, to do that. They are interested in providing a complete service to the drilling of the oil and gas wells in Apache and Navajo Counties, north of Highway 66.

"MR. CARROLL: *Let me say this, I am not willing they get something by stipulation that they don't have.* It is our position—the Commission has to rule on it, of course—that materials and supplies are different. . . ." (emphasis supplied)

The reversal of this cause is mandated by our holding that there has never been any construction of the certificate made by the Commission. The Corporation Commission is, by law, the body authorized to regulate common carriers (A.R.S. § 40–604, subsec. A), in particular the transfer, revocation and amendment of certificates (A.R.S. § 40–610) and the regulation of their routes (A.R.S. §§ 40–605 and 40–606).

 The initial construction of a certificate is clearly within the jurisdiction of the Corporation Commission and not within that of the Court of Appeals. In view of this, the proper disposition of this case requires this Court to reverse the judgment of the Superior Court with directions to the Superior Court to enter an order setting aside Order No. 39717 of the Corporation Commission. The appellant may reinstate its complaint with the Corporation Commission for a proper adjudication on the merits.

This cause is reversed with directions in accordance with this opinion.

STEVENS, P. J., and CASE, J., concur.