526 P.2d 1270

**KUNKLE TRANSFER & STORAGE CO.,**
**Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA; Judge Ed W. Hughes, Judge of the Maricopa County Superior Court, Respondents;**

and

**PACIFIC MOTOR TRUCKING COMPANY, a corporation, and O. N. C. Freight Systems, a corporation, Real Parties in Interest.**

No. 1 CA–CIV 2698.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 8, 1974.

Rehearing Denied Nov. 12, 1974.

Review Denied Dec. 17, 1974.

Shimmel, Hill, Bishop & Gruender, P. C. by Phil B. Hammond, Phoenix, for petitioner.

Evans, Kitchel & Jenckes, P. C. by Earl H. Carroll, Phoenix, for real parties in interest.

## OPINION

EUBANK, Acting Presiding Judge.

This special action challenges the jurisdiction of the Superior Court to enjoin the operations of a common carrier while a complaint proceeding to interpret the carrier's Certificate of Convenience and Necessity is pending before the Arizona Corporation Commission. We accept jurisdiction in order to resolve the conflict.

Petitioner, Kunkle Transfer & Storage Co., is an intrastate common carrier operating under Certificate of Convenience and Necessity No. 5739. Respondents, Pacific Motor Trucking Co. and O. N. C. Freight Systems, are intrastate common carriers operating under certificates issued by the Corporation Commission. Petitioner transports general freight intrastate under Commission rights granted in Docket No. 9512–S–5980. Certificate No. 5739, issued in this docket, was transferred to Robert W. Kunkle in 1946. At that time, it stated the holder's transportation rights in the following manner:

"1. GENERAL FREIGHT (COMMODITIES). FARM PRODUCTS, MACHINERY AND BAGGAGE. (Except that part covering the transportation of household goods and personal effects, including office furniture, store fixtures which require special handling)

2. LIVESTOCK

over the public highways designated as within a 25 mile radius of base of operations at PHOENIX, ARIZONA."

In 1952, Kunkle transferred Certificate No. 5739 to Kunkle Transfer & Storage Co., an Arizona corporation. The Com-

mission reissued the certificate to petitioner on a new form which read as follows:

"1. General Freight (Commodities) Farm products, machinery and baggage, except that part covering the transportation of household goods and personal effects, including office furniture, store fixtures which require special handling.

2. *Livestock within a 25 mile radius of base of operations at Phoenix, Arizona.*" (Emphasis added).

The substantive enlargement of geographical area granted in the 1952 certificate is alleged to be based on a clerical error. Certificate No. 5739 has been renewed for successive periods, since 1952, in this form with a current expiration date of December 31, 1978.

The Commission became aware of unrestricted statewide operations by petitioner in 1973, and on July 17, 1973, issued an Order to Show Cause directing Kunkle to show cause why the Commission should not restrict its operations to a 25-mile radius of Phoenix. There followed mesne motions and hearings before the Commission and Superior Court and finally a hearing on the Order to Show Cause was scheduled for March 19, 1974. On January 16, 1974, however, respondents filed a complaint in the Superior Court of Maricopa County to enjoin Kunkle from transporting general freight as a common carrier outside a 25-mile radius of Phoenix. As a result, the Commission held no hearing on its Order to Show Cause, but instead authorized the Attorney General to intervene as either a party plaintiff or defendant in the Superior Court proceeding. The Attorney General did not intervene, and on April 2, 1974, the trial court granted respondents' application for a preliminary injunction restricting petitioner's general freight business to a 25-mile radius of Phoenix.

■ Petitioner's basic contention here is that the Superior Court proceeding was an impermissible collateral attack upon a decision of the Commission. *See* Tucson Rapid Transit Co. v. Old Pueblo Transit Co.,

79 Ariz. 327, 289 P.2d 406 (1955). In Arizona, the Corporation Commission is the agency authorized to regulate common carriers, their routes and transportation rights. Its decisions are conclusive and subject to review by the courts only in the manner provided by statute (A.R.S. §§ 40–253 and 40–254). In the absence of pursuing the statutory remedy, Commission orders or decisions are not subject to collateral attack. Tucson Rapid Transit Co. v. Old Pueblo Transit Co., supra; Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435 (1954); Phoenix Ry. Co. v. Lount, 21 Ariz. 289, 187 P. 933 (1920). *See also* Arizona Tank Lines, Inc. v. Arizona Corporation Commission, 18 Ariz.App. 390, 502 P.2d 539 (1972).

■ In the instant case, the direct attack procedure outlined by statute was not followed to test the validity of Certificate No. 5739. Instead of awaiting the Commission's determination of the geographical restrictions applicable to the certificate, respondents sought to restrict Kunkle's operations by obtaining injunctive relief in the Superior Court. Such a procedure to obtain review of a Commission decision (as represented by the certificate issued) is permissible in only limited situations. First, where a common carrier is not the holder of the certificate under which it claims to be operating. Northeast Rapid Transit Co. v. Phoenix, 41 Ariz. 71, 15 P. 2d 951 (1932). Second, where the certificate issued by the Commission is void for lack of jurisdiction because of the *ex parte* nature of the proceeding from which it issued. Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., 77 Ariz. 323, 271 P. 2d 477 (1954); Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P. 2d 404 (1950). Third, where there is clear evidence before the trial court that a carrier is exceeding the scope of its certified rights. Tucson Rapid Transit Co. v. Old Pueblo Transit Co., supra. Respondents contend that the latter two exceptions to the general rule prohibiting collateral attack are applicable to this case.

In our opinion, the exceptions listed above are not applicable in this case because of the procedural posture of the present action. Al's Transfer involved an *ex parte* order by the Commission rescinding its prior revocation of a certificate. Sun Valley involved the *ex parte* issuance of a certificate by the Commission during a wartime emergency. Old Pueblo involved the situation in which a judicial hearing was the only proceeding initiated to determine certificated rights. In none of these cases was a complaint proceeding pending before the Commission when the court attempted to assert jurisdiction to decide the case. We need not determine whether judicial action would have been appropriate in the instant case if a hearing had not been pending before the Commission. The reversal of this cause is mandated by our holding that where the Commission has properly asserted jurisdiction to construe a certificate, a collateral, simultaneous action to determine the same issues will not lie in the courts.

 The Corporation Commission is authorized by the Constitution and laws of this State to regulate, control and supervise common carriers within the State. To that end, it is vested with the power to institute and entertain hearings and render decisions therein. The initial construction of a certificate is clearly within the jurisdiction of the Commission (A.R.S. § 40–252). Once it has asserted jurisdiction, it cannot be denied the opportunity to make a determination and enter its order because of a subsequent proceeding in the courts. *See generally* Arizona Public Service Co. v. Southern Union Gas Co., supra. Nor can the courts presume to review Commission actions where the Commission has not made a final determination. Arizona Tank Lines, Inc. v. Arizona Corporation Commission, supra. The legislature provided a procedure for judicial review of Commission decisions in A.R.S. § 40–254. Subsection F of that section reads, in part:

"F. Except as provided by this section no court of this state shall have jurisdiction to enjoin, restrain, suspend, delay or review any order or decision of the commission, or to enjoin, restrain or *interfere with the commission in the performance of its official duties. . . .*" (Emphasis added).

Clearly, the legislature intended to protect the jurisdiction of the Commission when properly invoked by permitting judicial review only after the Commission has had an opportunity to rule.

While we recognize that respondents' attack here is directed to past decisions of the Commission as represented by Certificate No. 5739, and not the present proceeding before the Commission, the result is the same. In our opinion, to permit the respondents to proceed in the manner they have chosen would defeat the legislative intent expressed in A.R.S. § 40–254(F).

In Whitfield Transportation v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956), our Supreme Court held that the Commission was without jurisdiction to revoke a certificate in compliance with a Superior Court decision while that decision was pending appeal. In making this determination, the court stated:

"We agree with petitioner that, where an appeal had already been perfected from the judgment of the lower court, the Commission's revocation of the certificate it had theretofore issued to Whitfield was a direct and plain invasion of the appellate and revisory powers of this court. The order in question certainly did not aid the appeal; rather, it would tend to nullify it. The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory." (81 Ariz. at 141, 302 P.2d 529).

In our opinion, the jurisdiction of the Commission when properly invoked is entitled to no less protection.

The preliminary injunction issued in this case is vacated, and the matter is remand-

ed to the trial court in order for it to dismiss the amended complaint.

JACOBSON, C. J., and STEVENS, J., concur.